WILLIAM GORDEN, Appellant, v. WILLIAM L. STRONG, Mayor of the City of New York, et al., Respondents.

NON-ABATEMENT OF TAXPAYER'S ACTION. A taxpayer's action survives the death of the plaintiff, and may be continued in the names of his executors or administrators, on their motion or that of a defendant.

Reported below, 15 App. Div. 519.

(Argued February 27, 1899; decided March 7, 1899.)

MOTION by the defendant the East River Bridge Company to revive and continue in the names of the plaintiff's executors an action pending on appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 14, 1897, affirming a judgment in favor of defendants entered upon a decision of the court dismissing the complaint upon the merits on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. Ellett Hodgskin* for motion.

*George W. McKenzie* opposed.

GRAY, J.   The plaintiff, who had commenced a taxpayer's action against the mayor of the city of New York and others for certain relief, has died, pending an appeal to this court from a judgment of the Appellate Division which affirmed a judgment of the trial court dismissing the complaint in the action.   To this application, which is now made for an order reviving and continuing the action in the name of the plaintiff's executors, it is objected by certain of them that, being a taxpayer's action, it has abated.   I do not think that the objection is tenable.

An action by a taxpayer against a public officer is authorized by the Code to prevent waste of, or injury to, the estate, funds, or other property of a county, town, city or incorporated village of the state, and the legislative intent was to provide such a remedy against the wrongful acts of the officers and agents of a municipal corporation as will avail to protect taxpayers against resulting prejudice and the taxable property within the limits of the corporation from being improperly burdened.   (*Ayers* v. *Lawrence*, 59 N. Y. 192.)   The theory of the action is that of a remedy against illegal official acts which tend to waste the property of the public.   Such an action, therefore, cannot be regarded as analogous to that class of personal actions which must abate by the death of the party.   It is provided in the Revised Statutes (2 R. S. 447, sec. 1), that for wrongs done to the property, rights or interests of another, an action may be brought by the person injured, or, after his death, by his executors or administrators, against such wrongdoer, in the same manner and with like effect, in all respects, as actions founded upon contracts.   In the following section (§ 2), it is provided that the preceding section shall not extend to actions for slander, or libel, or for assault and battery, or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or admin-

istrator.   It is the action for a tortious injury to the person, therefore, which abates upon the death of the plaintiff and the Revised Statutes, in the provisions referred to, have made the distinction between such actions and those brought for injuries to the pecuniary rights or interests of the person.

In *Cregin* v. *Brooklyn Crosstown Railroad Co.* (75 N. Y. 192), these provisions of the Revised Statutes were under consideration and it was there said by RAPALLO, J., that, "the rights and interests, for tortious injuries to which this statute preserves the right of action, have frequently been considered, and it is generally conceded that they must be pecuniary rights or interests, by injuries to which the estate of the deceased is diminished.   The exceptions in the statute are such as scarcely to leave any conceivable action for injuries to other rights uncovered by them.   But where an injury to pecuniary interests is shown, the intent of the statute seems plain that the cause of action shall survive, notwithstanding that such injury be caused by a tort, provided that it be not one of the torts specifically mentioned and excepted in section 2."

It is manifest that the action which a person brings against a public officer, by virtue of his being a resident and taxpayer of the community, is one which concerns his pecuniary rights or interests and, therefore, survives his death and may be continued by or against his executors or administrators.

I think, therefore, that the order applied for, reviving and continuing the action in the names of the plaintiff's executors, should be granted; but, under the circumstances, without costs against those executors who have opposed the application.

All concur, except MARTIN and VANN, JJ., dissenting.

Motion granted.