(49 App. Div. 39.)

HARRINGTON et al. v. STRONG, Mayor, et al.

(Supreme Court, Appellate Division, Second Department. March 20, 1900.)

1. EXECUTORS—LIABILITY FOR COSTS—WHERE DETERMINED.
    The personal liability of an executor for the costs of an appeal in an action originally begun by the testator is not a matter for adjustment on the judicial accounting before the surrogate, but must be determined by the court having original jurisdiction of the cause.

2. EXECUTORS—LIABILITY FOR COSTS—CONSTRUCTION OF STATUTE.
    Under Code Civ. Proc. § 3246, making executors personally liable for costs in case of mismanagement or bad faith in the prosecution or defense of an action, an executor will not be personally charged with the costs of an appeal merely because the judgment appealed from was so clearly right that it might have been acquiesced in.

Appeal from special term, Kings county.

Action by William Gorden, revived in the name of Burt D. Harrington and others, as executors of estate of William Gorden, against William L. Strong, mayor, and others, to restrain the purchase of a franchise for a bridge across the East river. Burt D. Harrington and Susan Gorden, executors, moved to tax the costs of an appeal in said cause to the court of appeals against Stephen M. Hoye and Joseph Gorden, executors, personally. From an order overruling said motion, the executors Burt D. Harrington and Susan Gorden appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George W. McKenzie, for appellants.
Stephen M. Hoye, in pro. per.
William P. Pickett, for respondent Gorden.
T. Ellett Hodgskin, for respondent East River Bridge Co.

GOODRICH, P. J. William Gorden authorized Stephen M. Hoye, an attorney, to commence a taxpayer's action in his name to restrain the East River Bridge commission from purchasing the franchise owned by the East River Bridge Company, for a bridge across the East river. The action coming on for trial, the complaint was dismissed, with costs against the plaintiff; and an allowance of $2,000 was made, which, on appeal to this court, was reduced to $500. An appeal was taken to the court of appeals on April 15, 1897, and on January 2, 1899, Gorden died, leaving his last will, in which Susan Gorden, Burt D. Harrington, Stephen M. Hoye, and Joseph Gorden were named executors. All subsequently qualified. On motion of the defendant the East River Bridge Company the action was revived by the court of appeals, although the executors appellant objected to such revival. 158 N. Y. 407, 53 N. E. 33. That court subsequently affirmed the judgment, with costs. 160

N. Y. 659, 55 N. E. 1095. Subsequently, a motion was made in
the court of appeals by Susan Gorden, as executrix, that the costs
of the appeal to that court be awarded against Hoye and Joseph
Gorden, as executors, personally, and not against the estate. This
motion was denied upon the ground that the question raised should
be determined by the court of original jurisdiction. 160 N. Y. 696,
55 N. E. 1095. Judgment was entered thereafter on such affirmance
against all the executors, and a motion was made at special term
by the appellants herein to have the same amended so as to ad-
judge only Hoye and Joseph Gorden personally liable for the costs
in the court of appeals. The court denied the motion, and from
such order this appeal is taken.

The defendant the East River Bridge Company claims that any
controversy between the executors in respect to costs should be
adjusted on the judicial accounting before the surrogate. With
this contention we are unable to agree. The question of who shall
bear the costs of the litigation is one that belongs to the supreme
court, and its determination cannot properly be devolved upon the
surrogate. Indeed, this point appears to have been expressly de-
cided by the court of appeals, which denied the motion to charge
Stephen M. Hoye and Joseph Gorden personally with the costs
upon the express ground that the question raised on that motion
should be determined by the court of original jurisdiction. 160
N. Y. 696, 55 N. E. 1095. This court, however, is without authority
to charge these executors personally with the costs, unless it is
willing to declare that they have been guilty of mismanagement
or bad faith in the prosecution of the action. Code Civ. Proc. §
3246. While we think that the case for the defendants was so clear
that all the executors might well have acquiesced in the adverse
determination of the appellate division, we are not prepared to go
so far as to say that those who insisted upon a further prosecution
of the appeal acted in bad faith, or that their conduct amounted
to mismanagement, within the meaning of the section cited. It
can make no difference to the appellants whether judgment is en-
tered against them or not, if the costs are to be paid out of the es-
tate, and not by any of the executors personally; and therefore
the order of the special term was right, and should be affirmed.

Order affirmed, without costs. All concur.