## GADSDEN v. CATAWBA POWER CO.

1. Pleadings—Striking Out.—An allegation stating the reasons' why a defendant was indifferent and careless is merely evidentiary and should be stricken out as irrelevant.

2. Ibid.—Ibid.—Damages.—Facts in aggravation of damages are both evidentiary and an element of damages and may be alleged, and since they put defendant on notice that adverse party will rely on them, he has no ground for complaint.

3. Ibid.—Ibid.—Motion to strike out allegations as irrelevant need not be supported by allegations that movant was aggrieved thereby, but motion may be made on pleadings.

4. Ibid.—Amendments—Discretion.—Requiring plaintiff to amend his complaint, and extending time for defendant to answer, are within discretion of trial Judge, and granting five days for service of each not disturbed.

Before Gage, J., York, June, 1904. Affirmed.

Action by Isaiah Gadsden, minor, by guardian, against Catawba Water Power Co. From Circuit order, plaintiff appeals, on following exceptions, alleging error:

"I. In holding that the said matters sought to be stricken out as irrelevant and so ordered, are irrelevant and material; whereas, they are plainly issuable, material, and affect the amount demandable as damages.

"II. In not holding that there was an absence of proof that the defendant was aggrieved or injured by the allegation claimed to be irrelevant, when such injury could not be inferred from the complaint, and in the absence of any affidavit or evidence whatever of such injury otherwise shown.

"III. In not holding that inasmuch as allegations for recovery of damages arising from wilfulness and wanton-

ness were in said complaint, that such so-called irrelevant matter was clearly admissible as bearing on the quantity of damages to be recovered and the ability of the defendant to pay damages, and, therefore, relevant and material to be stated in the complaint.

"IV. In not holding that inasmuch as the notice of the motion did not allege that the defendant was aggrieved by such matter, and inasmuch as there was no other paper served making any such claim, the Judge had no authority, under section 181 of the Code, to grant such order; and the Judge was without authority to proceed further in the hearing of such motion.

"V. In holding that the allegations of the complaint show injury to the defendant, when such allegations do not charge the defendant was aggrieved at all, but show a good issuable cause of action against the defendant.

"VI. In not holding that he was bound by the act of the General Assembly prohibiting the splitting and dividing of causes of action in case of a corporation, *i. e.*, act of 1898, embodied in Code of Procedure as section 186a; and in not holding that the Court was without power to tell a suitor what he shall or shall not insert in his complaint, where such stated complaint contains issuable, material and relevant allegations in a cause of action and has violated no rule of practice; and in not holding that such suitor had a right to go to a jury on his whole complaint and the issues made by the pleadings without the elimination of an element showing liability to exemplary damages.

"VII. In giving the defendant time to answer the complaint after five days from the time mentioned in his order, when there was no motion to extend the time for answering, and when the time to answer had not expired at the time of motion noticed, order signed or filed.

"VIII. In practically saying by his order that the defendant need not serve his answer within the time required by section 164 of the Code, when an extension was not asked.

"IX. That such order directly nullified the practice pro-hibiting the Courts from compelling a suitor to strike out a part of his complaint demanding exemplary damages.

"X. That his Honor erred in requiring the plaintiff to serve an amended complaint within five days after the filing of his order, when the complaint already served contained valid and issuable allegations demanding relief."

The defendant appeals on the following grounds:

"I. Because his Honor erred in holding that the allegation in the fourth paragraph of the complaint herein, to the effect 'that injuries were frequently attending employees in its ser-vice,' was not irrelevant.

"II. Because his Honor erred in holding that that com-plaint charged wilful action by defendant, and plaintiff had the right to allege and prove that defendant had notice of frequent injuries to other employees and was bound to be on the lookout for accidents.

"III. Because his Honor erred in not holding that the fol-lowing allegation in paragraph four of the complaint herein was irrelevant, to wit: 'although injuries were frequently attending employees in its service,' and in failing to order that the same be stricken from the complaint."

*Messrs. Buchanan & Hannahan,* for plaintiff. *Mr. Bu-chanan* cites: *Defendant should not be permitted to say an allegation is both relevant and irrelevant:* 8 Rich. L., 117; 2 Black on Judg., sec. 632; 4 How. Pr., 313, 432. *Minor entering on a new and dangerous calling should be instructed:* 33 Am. St. R., 908; 25 Id., 436, note; 16 Id., 775. *This order nullifies the joinder act of 1898:* 68 S. C., 201; 66 S. C., 12; 64 S. C., 491; 65 S. C., 222, 122; 55 S. C., 90. *It is proper to plead facts in aggravation of dam-ages:* 2 Waits Pr., 479; Voorhees Code, 320; Moak's Van Sant. Code Plds., 244; 9 How. Pr., 37; 4 How. Pr., 79; Steven Plds., 371; 1 Chitty's Plds., 411; 3 Rob. Pr., 622; Sedg. El. of Dam., 50, 53. *Adverse party must be ag-*

*grieved:* 2 Waits P., 483, 484; Waits Code, 293; 50 S. C., 54; 66 S. C., 12; 68 S. C., 201; 18 S. C., 479.    *Plaintiff* can- *not be required to say what acts are reckless, what wanton, &c.:* 66 S. C., 12; 68 S. C., 201; 65 S. C., 122, 222.

*Messrs. A. G. Brice* and *W. B. Wilson,* contra.    Mr. Brice cites: *What is an irrelevant allegation?* Pom. Rem., 2 ed., sec. 557; 2 Waits Pr., 480; 18 S. C., 473; 60 S. C., 381; 50 S. C., 54.    *This is not of that class of cases where movant must show he would be aggrieved:* 2 Waits Pr., 482, 483; 21 Ency. P. & P., 259, *et seq.*

April 10, 1905.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    In this case there are two appeals, but by consent, they were heard together.    The plaintiff ap- pealed because his Honor, the Circuit Judge, struck out cer- tain allegations of the complaint, on the ground that they were irrelevant and redundant, and the defendant appealed because he refused to strike out others.

The plaintiff alleges that he suffered personal injuries through the wilfulness, recklessness and negligence of the defendant.    The motion was to strike out the allegations which we have italicized in the fourth paragraph of the com- plaint.    That paragraph is as follows: "That there was not on said train sufficient lights, nor a sufficient number of men safely to discharge the work and properly to operate it, nor did the defendant select proper co-employees of plaintiff; the engineer was reckless, intemperate and incompetent; the engine was defective, out of repair and dangerous; *that the defendant carried insurance to indemnify itself against lia- bilities for injuries to its employees, m:king it indifferent and careless of the injuries to the plaintiff;* that the defend- ant failed and omitted to instruct the plaintiff in the work to be performed, and of the danger of the service, *although injuries were frequently attending employees in the service,* and through these violations of duty causing or contributing

to the above injury, the defendant wilfully, recklessly, and negligently damaged and injured the plaintiff to the amount of $20,000."

The Circuit Judge made the following order: "Motion to strike out irrelevant matter in the complaint. The allegations are inversely stated:

"(1) That defendant was careless and indifferent to plaintiff because it carried indemnity insurance.

"(2) That injuries were frequently attending employees in its service. The allegation that defendant was careless and indifferent is not irrelevant, but the reason assigned therefor is. It would be irrelevant for the plaintiff to allege that defendant failed to carry such insurance for the benefit of its employees and it is as well irrelevant to charge that such insurance was carried.

"The other allegation is not irrelevant. The complaint charges wilful action of defendant. To prove that, plaintiff may show that defendant had notice of frequent injuries and was therefore bound to be on the lookout for accidents. If proper to prove, it may be allowed.

"I am of the opinion that the irrelevancy pointed out appears from the pleadings, and no proof that it aggrieves the defendant is required beyond that furnished by the pleadings. The motion is granted so far as the words, 'The defendant carried insurance to indemnify itself against liabilities for injuries' are concerned, further than that it is denied.

"Let plaintiff so amend the complaint within five days of the filing of this order, and let the defendant have five days thereafter to answer."

The exceptions will be set out in the report of the case.

The first question for consideration is whether the Circuit Judge erred in ordering the words, "the defendant carried insurance to indemnify itself against liabilities for injuries," to be struck out. Section 181 of the Code provides that "if irrelevant or redundant matter be inserted in a pleading, it may be stricken out, on motion of any

person aggrieved thereby." Mr. Pomeroy, in section 551 of his book entitled Code Remedies, says, "an allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action." As said by the Circuit Judge, the allegation struck out only stated the reasons why the defendant was indifferent and careless. It, in no sense, constituted an element of damage and could have no connection with nor effect upon the cause of action. At most the allegation was merely evidentiary and properly struck out.

The next question for consideration is whether there was error in refusing to strike out the words, "although injuries were frequently attending the employees in the service." This allegation tended to show notice on the part of the defendant that the work was dangerous, and if it failed to exercise due care after knowledge of this fact, it might be considered by the jury in aggravation of damages. It cannot be said that it has no connection with nor effect upon the cause of action. The authorities are not in harmony as to the necessity of alleging facts in aggravation of damages, as will be seen by the following quotation from 5 Pl. and Pr., 705, and notes, to wit: "As a general rule, it is not necessary to the plaintiff's right of recovery, that the particular circumstances of aggravation, should be set out in the declaration, although such matters are not infrequently alleged, and in some cases have been required in order to warrant a recovery."

Facts in aggravation of damages partake not only of an evidentiary but of an elementary nature. Their characteristics as an element of damages make it proper to allege them in the complaint. As they are likewise evidentiary, it is not essential that they should be alleged, but they may, nevertheless, be introduced as testimony to support other allegations, in a proper case. The only effect of alleging them is to give notice to the adverse party that they will be relied upon, and he certainly has no just ground of com-

plaint, that he is apprised of this fact. The Circuit Judge, therefore, properly refused to strike out said allegations.

It is also assigned as error that the Circuit Judge did not have authority under section 181 of the Code, to grant the order, in as much as the notice of motion did not allege that the defendant was aggrieved by said allegations. It 3 does not appear that this was urged as an objection against the hearing of the motion. But waiving this fact, this Court is satisfied that the ruling was correct.

Other assignments of error are because the Circuit Judge required the plaintiff to amend his complaint and in allowing defendant further time to answer. These matters 4 were within the discretion of the Circuit Judge and we see no reason to reverse his order in these respects.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.