13744

STROMAN v. HOOPER CONSTRUCTION CO. INC.

(172 S. E., 417)

*Mr. L. A. Hudson,* for appellant,

*Messrs. Lide & Felder* and *C. E. Summers,* for respondent,

January 3, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action is brought to recover damages for injuries which the plaintiff alleges he sustained while in the employ of the defendant, and engaged in clearing the right of way for a road through a swamp, which injuries, it is alleged, were caused by the falling upon plaintiff of a limb which was knocked from a tree by the falling upon it of another tree which was cut down by another laborer engaged in the same work. The allegations of negligence are unnecessarily prolix; condensed they are: Failure to furnish a safe place to work; in failing to warn the plaintiff of the danger of falling trees; in employing inexperienced laborers to do the work of clearing the right-of-way without furnishing a safe place where, and safe appliances with which, to work; in ordering and instructing the men engaged in cutting trees "not to look out for the other employees, that they were all insured and that if they were injured by a falling tree, while engaged in the clearing of the right-of-way, the insurance would pay the damage, and that if any of the men should fail to get out of the way of any of the trees that were being cut, to cut the trees and let them fall on them."

The defendant demurred to the complaint for that it did not state facts sufficient to constitute a cause of action, and at the same time moved to strike out paragraph VII of the

complaint on the ground that it "is irrelevant and redundant." The Circuit Judge granted the motion to strike out paragraph VII, and sustained the demurrer. Plaintiff appeals from that order.

If the Circuit Judge was correct in striking out paragraph VII of the complaint, then it became proper for him to sustain the demurrer, under the authority of the cases of *Kinsey v. Colleton Cypress Co.*, 118 S. C., 234, 110 S. E., 395, and *Grier v. Winyah Lumber Co.*, 144 S. C., 10, 141 S. E., 685, which he cites.

The alleged ground for striking is that the allegations of paragraph VII are irrelevant and redundant.

"An allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action." Pomeroy's Code Remedies, § 551.

In the case of *Gadsden v. Catawba Water Power Co.*, 71 S. C., 340, 51 S. E., 121, 122, a question almost identical with this arose. That was an action for damages. The complaint alleged, *inter alia,* "that the defendant carried insurance to indemnify itself against liabilities for injuries to its employees, making it indifferent and careless of the injuries to the plaintiff." This allegation was stricken out on motion, and the action of the lower Court sustained on appeal.

This case is authority for the order of Judge Mann in striking out paragraph VII of the complaint in the present case.

With this paragraph out, the demurrer was properly sustained.

Appeal dismissed, and judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.