15091

MASON v. WILLIAMS *ET AL.*

(9 S. E. (2d), 537)

*Messrs. Donald Russell* and *C. E. Daniel,* for appellant,

*Messrs. DePass* and *DePass,* for respondent,

May 28, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is a reargued case. The opinions heretofore filed are withdrawn from the files of the Court.

Action by Mrs. Martha E. Mason, suing on behalf of herself and all other taxpayers of the City of Spartanburg who may come in and contribute to the costs thereof, for and in

behalf of the said city, against I. T. Williams, former city clerk and treasurer of the City of Spartanburg, and Fidelity & Deposit Company of Maryland, surety of I. T. Williams as clerk and treasurer of said city.

The complaint alleges that from July 7, 1930, until October 20, 1933, I. T. Williams was the duly elected clerk and treasurer of the City of Spartanburg and served in this capacity for such time; that for an annual premium of $200.00 paid by the city, Fidelity & Deposit Company of Maryland executed and delivered to the city its surety bond in the sum of $20,000.00 conditioned that I. T. Williams "shall well and truly perform the duties of said office, as now or hereafter required by law, during the whole period he may continue in said office," and that this bond was in full force. and effect throughout that time; that "the City of Spartanburg in collecting paving assessments was acting under the Acts of the South Carolina Legislature of February 17, 1911, as amended 1912 (Exhibit 'C'), February 14, 1914 (Exhibit 'D'), and the Act of April 6, 1931 (Exhibit 'E'), and the general paving assessment ordinance of March 24, 1913, as amended 1926 (Exhibit 'F'); that said paving assessment statutes and ordinances provided that paving assessments must be collected in the same manner as is the payment of city taxes; that city taxes in the City of Spartanburg are collected to the same extent and in the same manner and under the same general statutory laws as state and county taxes, as provided by the Act of the Legislature of March 19, 1924 (Exhibit 'G'), and Sections 7437, 2882 and 7470 of the 1932 Code"; that it was the duty of I. T. Williams under the statutes of the State and the ordinance of the City of Spartanburg, "to issue executions immediately upon paving assessments becoming delinquent or within sixty days thereafter, to the chief of police or other designated official, and/or to see that said tax executions were collected"; "that the surety company knew or should have known when it executed the bond that it was the duty of the said I. T. Williams to issue executions

for delinquent paving assessments and/or to see that said executions were collected according to the laws of South Carolina." Paragraphs 11, 12 and 13 of the complaint are as follows:

"11. That on March 21, 1932, the City Council of the City of Spartanburg passed a formal resolution or ordinance (Exhibit 'I') requiring I. T. Williams, City Clerk and Treasurer, to notify the owners of property of delinquent paving assessments and within fifteen days thereafter to proceed at once to collect same as provided by law.

"12. That thereafter plaintiff alleges upon information and belief that the said I. T. Williams, City Clerk and Treasurer, did fail and neglect to carry out the provisions of said resolution, or ordinance and the statutes of the State of South Carolina, in that:

"(1) He failed to send out the required notices in respect to the paving assessments hereinafter set out.

"(2) He neglected, failed and refused to issue executions to the tax collector to collect the paving assessments hereinafter set out, as required by law.

"(3) He failed to proceed at once to collect, or to see that the paving assessments hereinafter set out were collected as provided by law.

"13. That as a result of said negligence, carelessness, nonfeasance and misfeasance of the said I. T. Williams, City Clerk and Treasurer, in failing to enforce or to carry out the provisions of the aforesaid ordinances and the statutory laws of South Carolina as above set out, the lien of the City of Spartanburg for the following paving assessments, duly assessed, expired and the City of Spartanburg has lost the amounts of said paving assessments, totalling $28,854.66."

The complaint continues: that by virtue and authority of the Acts of the General Assembly of April 6, 1931, 37 St. at Large, 1007, and February 14, 1914, 27 St. at Large, 586, and an ordinance of the City of Spartanburg of March 24, 1913, the said city extended its credit to the property owners, and borrowed under its name for defraying the

costs of said paving, and assumed and guaranteed the payment of said paving assessments out of the general funds of the city; and that the loss of said paving assessments; as hereinabove alleged, subjects the respondent and all citizens owning property in the City of Spartanburg, to increased taxation; that as a result of the loss, the appellants, respectively as principal and surety, are liable and have become indebted to the City of Spartanburg in the sum of the bond, $20,000.000; and that the city council of the City of Spartanburg has refused to enforce or to collect the said bond.

Attached to the complaint were various exhibits, Exhibit "A" being a copy of letter from the city attorney to the mayor, of date August 26, 1930, approving a form of bond to be given by city employees, and the form thereof; Exhibit "B", a copy of minutes of a council meeting (December 17, 1930) approving form of bond which had been approved by the city attorney; Exhibits "C", "D" and "E", copies of State statutes; Exhibit "F", copy of ordinance of the City of Spartanburg, of date March 24, 1913; Exhibit "G", a State statute; Exhibit "H", an ordinance of the City of Spartanburg of date August 20, 1924, and Exhibit "I", copy of a resolution of the council of the City of Spartanburg, dated March 21, 1932. (Notation: "While an exhibit to a complaint may not be used to supply a material allegation or cure a fatal defect in the complaint, it may be resorted to to make the allegations of the complaint definite and certain." *Matthews v. Monts,* 61 S. C., 385, at page 388, 39 S. E., 575, at page 576, quoted with approval in *National L. & E. Bank v. Argo Development Co. et al.,* 141 S. C., 72, 80, 139 S. E., 183, 186.)

The answer of I. T. Williams sets up a general denial, admitting, however, several paragraphs of formal or undisputed matter. He admitted so much of Paragraph 6 of the complaint as alleged the execution and form of the bond, "but alleges in that connection that said bond was executed upon an application made to the said surety by the City of

Spartanburg in which the said City of Spartanburg duly represented unto the said surety that this defendant was in no way responsible or liable for failure to collect past-due taxes, paving assessments, license fees, etc., and that such representation was in conformity with the duties attaching to the office of City Clerk and Treasurer of the said City of Spartanburg."

Paragraph 5 of his answer is as follows: "5. That he admits so much of Paragraph eleven (11) of the complaint herein as alleges that on March 21st, 1934, the City Council of the City of Spartanburg passed a resolution or ordinance, but denies that said resolution or ordinance is correctly set forth in said paragraph, and prays reference to said resolution or ordinance."

He further answered the complaint and by way of affirmative defense, alleged: "That after due inquiry made, the City of Spartanburg was advised on two occasions in the form of written opinions rendered by its city attorney, who, under the statutory laws of this State, is made the legal advisor of said City and all its officials on all legal matters that paving assessments against property located in the City of Spartanburg continued as valid liens upon the property involved in and covered by said assessments for a period of ten years from the date that such assessments were ratified; that the said City and its employees were entitled to rely upon said opinions of the regularly elected and acting City attorney and are not liable or responsible for any error in said opinion or for any loss occasioned by reason of any error therein; that the said City and all its employees, including this defendant, so this defendant is informed and believes, relied in good faith upon the aforesaid legal opinions duly rendered by the City attorney, and that such advice of counsel given upon a strictly legal matter received and relied on in good faith is plead as a complete bar to any right of action herein."

Fidelity & Deposit Company answered similarly to I. T. Williams, and in Paragraph 4, after admitting the execution

of the bond, but denying that said bond was executed pursuant to the "statutory laws of South Carolina," continued: "and in that connection it alleges that the bond so executed by it as surety on behalf of I. T. Williams, as City Clerk and Treasurer of Spartanburg, was executed in reliance upon and pursuant to a written application and the representations incorporated therein as made to it by the City of Spartanburg through the Mayor of said City, acting under due authority of the City Council of said City, and that among the representations included in said application, without which this defendant would not have executed said bond, was the representation that the principal on said bond was not responsible for delay or failure in the collection of city taxes, paving assessments, license fees, etc., and that said representation, constituting the inducement for the execution of said bond by this defendant and without which this defendant would not have executed said bond, constitutes a part of said bond and must be given effect in the construction of the bond."

By way of affirmative defense: "That after due inquiry made, the City of Spartanburg was advised on two occasions in the form of written opinions rendered by its city attorney, who under the statutory laws of this State, is made the legal advisor of said City and all its officials on all legal matters, that paving assessments against property located in the City of Spartanburg continued as valid liens upon the property involved in and covered by said assessments for a period ôf ten years from the date that such assessments were ratified; that the said City and its employees were entitled to rely upon said opinion of the regularly elected and acting city attorney and are not liable or responsible for any error in said opinion or for any loss occasioned by reason of any error therein; that the said City and all its employees, including the said I. T. Williams, so this defendant is informed and believes, relied in good faith upon the aforesaid legal opinions duly rendered by the city attorney, and that such advice of counsel given upon a

strictly legal matter received and relied on in good faith is pleaded as a complete bar to any right of action herein."

By way of further affirmative defense: "That this defendant refused to issue any bond on behalf of its co-defendant herein if its principal, under his duties as City Clerk and Treasurer, were in any way responsible or liable for a failure to collect promptly and properly delinquent taxes, paving assessments, license fees, etc.; that the City of Spartanburg, through its Mayor, acting under the authority of its council, in order to induce this defendant to execute said bond duly represented unto this defendant that its principal was not responsible for failure to collect delinquent taxes, paving assessments, license fees, etc.; that relying upon said representation, without which this defendant would not have executed said bond, and which represented a material inducement, made by the said City of Spartanburg to it, this defendant executed said bond and that by reason of said representation, relied on by this defendant, the City of Spartanburg and all persons claiming in its right and stead, such as the plaintiff herein, are estopped from asserting any liability under said bond against this defendant for the failure of its principal to collect past-due taxes, paving assessments, license fees, etc."

Specifically answering Paragraph 11 of the complaint: "6. That it has not knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph eleven (11) of the complaint, and accordingly denies same and demands proof thereof."

The respondent moved to strike from the answer of I. T. Williams all of the matter hereinabove quoted therefrom except Paragraph 5; and from the answer of Fidelity & Deposit Company all of the matter hereinabove quoted therefrom, except Paragraph 6. The motion was made upon the grounds: "that it is irrelevant, redundant, immaterial and constitutes no defense to plaintiff's (respondent's), cause of action."

The only question before the Circuit Court was whether the portions of the answers complained of should be stricken as not constituting a defense to the action, and therefore irrelevant and immaterial. It would therefore appear that there is merit in the preliminary statement of appellants' argument wherein it is suggested "that the Circuit Judge lost sight of the limits of the questions before him on the motions and first decided questions of law and fact which were not at issue on the motions as a preliminary foundation for his final conclusion to strike the defenses."

A motion to strike out a pleaded defense as not constituting a defense, and therefore irrelevant and immaterial, is in the nature of a demurrer, and for the purpose of the motion, the allegations or matters sought to be stricken, are admitted to be true.

The complaint, when boiled down, alleges that it was the duty of I. T. Williams, Clerk and Treasurer of the City of Spartanburg, to collect paving assessments due the city; that he neglected and failed to do so, and neglected to take proper action in the matter and allowed the lien of the city therefor to expire, thus entailing a loss to the city of an amount in excess of his bond.

The answers of appellants deny that it was the legal duty of I. T. Williams as city clerk and treasurer to collect these taxes, and/or that he had been negligent thereabout; and then plead the affirmative and special defenses sought to be stricken.

Section 7604 of the Code of 1932 provides that: "The council shall have, possess and exercise all executive, legislative and judicial powers and duties conferred upon such city, or theretofore belonging to it, with the power to establish such subordinate officers as they may see fit, and assign to them appropriate duties, subject to the council." There is no allegation in the complaint that city council had ever assigned to its subordinate officer, I. T. Williams city clerk and treasurer, the duty of collecting paving assessments, the collection of which "may be enforced as are the payment of

city or town taxes." Act No. 315 (1912), 27 St. at Large, 557, amending Act approved February 17, 1911, 27 St. at Large, 23. The only ordinance of the City of Spartanburg from which it could be assumed that this was a duty assigned by council to its clerk and treasurer, is the resolution (Exhibit "I" attached to the complaint) referred to in Paragraph 11 of the complaint, which paragraph is hereinabove set out in full, and this resolution was passed long after the contract between city council and the appellant bonding company had been entered into. The answer of I. T. Williams denies the resolution passed on March 21, 1932, is correctly set forth in said paragraph; and the answer of the bonding company, on information and belief, denies the truth of the allegations contained in said Paragraph 11, and demands strict proof thereof.

It will not be questioned that if city council had the power to assign duties it also had the power to take away these duties, or rescind its former action in reference to the delegation of these duties. At this point we think it well to call attention to the fact that the paving assessment statutes of February 17, 1911, and February 14, 1914, and the paving ordinance of March 24, 1913, merely provide that payment of paving assessments may be enforced in the same manner as is the payment of city taxes. These statutes and the ordinance do not require the enforcement of the payment thereof in the same manner as the paymnt of city taxes, as stated in the circuit decree. And while the Act of March 19, 1924, 33 St. at Large, 1862, and Section 7470 of the Code grant to city council the power to enforce the payment of city taxes and penalties "substantially in the same manner, as is provided by law for the collection of State and county taxes and penalties," there is nothing in this record from which we could determine that the taxes are so collected.

The taxpayers of a municipal corporation, when suing for the benefit of the corporation, can recover only on the basis for which it could recover. The

mayor and councilmen acting together for the corporation possess and exercise under Section 7604 of the Code all executive, legislative and judicial powers conferred upon such city. We cannot conceive of broader powers. They are not only the agents of the city, but the principal—the city itself—and their powers to enter into contracts for and in the name of the city is limited only by the constitution, and statutory law of the State.

As above stated, for the purpose of this motion, the ■ defenses sought to be stricken must be accepted as true. One of these defenses is that before the execution of the bond, and when the bond was applied for, it was represented by the City of Spartanburg through its mayor, acting under authority of its council, and in order to induce the bonding company to execute the bond of I. T. Williams as surety, that under his duties as city clerk and treasurer, I. T. Williams was not in any way responsible or liable for a failure to collect promptly and properly delinquent taxes, paving assessments, etc.; that relying upon this representation, without which the bonding company would not have executed the bond, and which represented a material inducement made by the City of Spartanburg, the bonding company executed the bond upon which suit is brought.

Under the broad, almost unlimited powers of the mayor and city council given by the State statute, they had the power to bind the City of Spartanburg to limit the responsibility under the contract or bond sued upon so as not to include any liability for failure to collect taxes and paving assessments by one of their and its subordinate officers. The City of Spartanburg, so far as the record discloses, received the protection for which it applied and paid. We can well appreciate that a surety could not be obtained, except at prohibitory premiums, who would be willing to assume the liability of an employee of this or any other city failing to collect taxes in any form, especially when such employee is subject to the orders of those who have to be elected to of-

fice by popular vote of, in the main, those from whom these taxes must be collected.

Even if council had theretofore assigned to the city clerk and treaasurer the duty of collecting taxes and paving assessments, when they represented to the bonding company that such was not among the duties of this subordinate officer, insofar as the bonding company was concerned, such representation amounted to a rescindment of the designation of that duty. As stated by appellants, "surely the power to assign duties includes the power to vary them or add to them or to diminish them or to appoint another officer to divide them." And especially is this so when the statute (Section 7604) gives the council the power "to establish such subordinate officers as they may see fit, and assign to them appropriate duties, subject to the council." As is stated in *Stone v. City Council of City of Greenville,* 113 S. C., 407, 412, 102 S. E., 755, 756: " * * * It is the business of council, and not of the citizens, to determine what is best to be done with regard to the city's affairs. The discretion is vested in council by law, and they are not to be controlled in its exercise by the citizens, and not even by the courts, provided they act within the law, and it will always be assumed that they will so act, until the contrary is made to appear. If they go beyond the law, the person who deals with them in so doing does so at his risk."

There is no pertinent statute which would warrant us in holding that the council went beyond the law.

They had the power to restrict the duties of the city clerk and treasurer, and when they did, it is a presumption that they established another subordinate officer and devolved upon him the collection of taxes and paving assessments or themselves took over this duty. If this action were against the mayor and councilmen, the above law would not apply. However, it is against a ministerial officer (and his surety) elected and controlled and his duties designated by the city council, and under Section 7604 of the Code, "subject to the council."

So much of Paragraph 11 of the complaint as alleges "that on March 21, 1932, the City Council of Spartanburg passed a formal resolution or ordinance (Exhibit "I") requiring I. T. Williams, City Clerk and Treasurer," after notifying owners of property of delinquent paving assessments, "within fifteen days thereafter to proceed at once to collect same as provided by law" is denied; and a reference to Exhibit "I" attached to the complaint would appear to justify a denial by reason of its ambiguity, if for no other cause. The resolution being ambiguous, parol testimony is admissible to show its meaning. If the resolution, and the notice thereunder directed to be sent to delinquent paving assessment debtors was intended merely to frighten such debtors into making payment, and council did not intend thereby to authorize the clerk and treasurer to issue executions until further instructions from them, appellants should be allowed to so show. And especially is this a reasonable view in the light of prevailing legislation and conditions in 1932, when moratorium statutes were being enacted throughout the nation. Therefore, it becomes unnecessary to discuss the effect of a delegation of duty to the clerk and treasurer a short while prior to his leaving office, and after the contract upon which this action is based had been entered into.

The affirmative defense that the City of Spartanburg and I. T. Williams delayed the enforcement of its delinquent paving asseessments in reliance upon the legal opinions of the city's duly elected attorneys to the effect that such assessments were not barred until ten years after the date of their creation, was stricken as not constituting a defense, and therefore irrelevant.

Section 7613 of the Code provides that the city council shall (not may) appoint a city attorney, who must be a freeholder, etc. "In addition to his general duties, which shall be prescribed by council, it shall be his special duty * * *." We must assume that one of their duties, during their respective terms of office, was to advise city council

and the subordinate officers who had to do with the collection of delinquent paving assessments, concerning the limitation of the lien the city had for the collection of such taxes, because both of these city attorneys (and each is of recognized ability) were called upon by council to advise when the city's lien would expire, and both advised that the lien was enforcible for more than nine years, to be exact, nine years and thirty days. The duration of a paving lien had never been judicially determined in this State, and the language of the statute and the ordinance was susceptible to this construction. A learned Circuit Judge of this State shared the view and opinion of the city attorneys. In such opinion, they were mistaken. See *Cleveland v. City of Spartanburg,* 185 S. C., 373, 194 S. E., 128.

This Court can well take judicial notice of prevailing conditions during 1931, 1932 and 1933. In fact, the Courts intervened and recognized the almost unprecedented financial conditions prevailing throughout the United States. So did the Legislatures of a great number of the states, including this State, and in some instances, where the Courts and Legislatures had failed to act, the people took affairs in their own hands. The enforced sale of property for debt was being condemned by public opinion. It was in these circumstances that the City Council of Spartanburg sought the advice of its city attorneys if they could postpone the levy and sale of property for paving assessments without losing its statutory lien. These attorneys, excellent lawyers, advised that the lien of the city would not expire for nine years and thirty days, whereas this Court later held that the lien expired within five years.

Under the foregoing circumstances, coupled with the fact that city council had the right to control the action of the city clerk and treasurer, did I. T. Williams, as city clerk and treasurer, have the right to rely upon the advice of the attorneys for the city, and would this be a defense to an action brought on his official bond which was conditioned that he would "well and truly perform the duties of said office"?

Under the common law, agents, trustees, Receivers and others sustaining fiduciary relations to private individuals, are liable only for the exercise of good faith and proper legal diligence and care. *York County v. Watson,* 15 S. C., 1, 40 Am. Rep., 675. Quoting from the case just cited:

"Does this common-law principle embrace public bonded officers as well as private individuals acting in a quasi-official capacity as trustees, etc.? It would be difficult to find a clear distinction between the two—a distinction founded upon principle, such as would justify the exclusion of the one and the inclusion of the other. If it would be wrong in principle to hold a private trustee responsible for a loss which no care of his could have prevented, would it not be equally wrong to hold a public officer responsible under like circumstances? The liability of a bonded officer may be considered, as was said in the case of *United States v. Thomas* [15 Wall., 337, 21 L. Ed., 89], in a two-fold or double aspect. First. The obligation arising from official duty, and, second, that arising from the condition of his bond. The first is a duty which the law imposes, and the second is a duty which he expressly contracts to perform. The first is governed by the principles of the common law, the other by the terms and conditions of the bond; and if a party binds himself by an express contract to perform a certain act unconditionally, at all events, he must be held by the stipulations of that contract, because such is the agreement he has made. *   *   *

"Now, we have no act in this state which imposes a higher or more stringent obligation upon collectors and receivers of public money than that imposed by the common law. The form of the bond, it is true, is prescribed by statute, but the only condition is 'that the duties shall be well and truly performed.' This condition is the condition of the common law, arising from official duty, and is met at common law by an honest, faithful, prudent and zealous discharge of duty. Should it be thought that public policy re-

quired a more stringent rule, the general assembly, in its wisdom, could easily provide the necessary enactments to that end, but it has not done so as yet, and in the absence of such statutory regulations, the courts must follow the common law applicable to such case. * * *."

While the holding in the case of *York County v. Watson, supra,* is against the great weight of authority from other jurisdictions in so far as bonded public officials are affected, yet it is the reasonable conclusion to be reached, and is in accord with the reasoning of the opinion in *Lincoln Bus Company v. Jersey Mutual Cas. Ins. Co.,* 162 A., 915, 916, 10 N. J. Misc., 1114, cited by appellants, wherein the Court said: "The expenditures [by a public official] are not, however, to be disallowed and the commissioner made to suffer the consequences because of an honest mistake. The statute had not been construed by the Court, and he misinterpreted its meaning. A public official, acting with due care and diligence, under advice of counsel, in the discharge of a public trust, is, as a matter of public policy, not liable for mistaking his course in the performance of his duties, for otherwise the government would be seriously hampered by honest men refusing to enter its service."

Of course where an official has violated the criminal laws of the State, even though he do so on the advice of the proper public attorney, the fact that he was so advised, would be no defense.

For the foregoing reasons, the order of the Circuit Judge striking the aforestated defenses of appellants is reversed.

At the same time the motion to strike was heard by Judge Gaston, he heard another motion which had been duly noticed, to substitute C. M. Mason and W. P. Mason, the duly appointed administrators of the estate of Martha E. Mason, who had died intestate after the commencement of this action, in the place and stead of the said Martha E. Mason, and for leave to continue the action in their names. After due consideration, Judge Gaston also

granted this motion by a separate order, and from such order an appeal is also prosecuted.

The opinion of the Chief Justice, adopted by Mr. Justice Stukes, correctly disposes of this issue.

Mr. Justice Fishburne and Mr. Acting Associate Justice Grimball concur.

Mr. Chief Justice Bonham and Mr. Justice Stukes dissent.

Mr. Justice Stukes (dissenting in part) : This case was reargued at the April, 1940, term of this Court. Heretofore the present Chief Justice prepared a decision with the result of which I agree and am, therefore, of the opinion that it should be made the judgment of this Court, and that the orders of the Circuit Court from which this appeal was taken should be affirmed.

It may be emphasized that the bond executed by the appellants was for the faithful performance of "the duties of said office as now or *hereafter required by law  *  *  *.*" (Italics added.) In my opinion it is immaterial whether it was the duty of Williams to collect paving assessments at the time of the execution of the bond and, therefore, the alleged representations of the mayor and council thereabout to the surety are unimportant, this in view of the passage of the ordinance or resolution in 1932 expressly imposing such duty upon Williams after which the surety appears to have done nothing toward relieving itself from liability upon the bond. Its conduct in thereafter receiving the annual premiums, doing nothing toward terminating its liability, making no question of the 1932 ordinance or resolution and questioning its liability upon its bond only after loss has occurred does not commend itself.

The opinion of the Chief Justice, hereinabove referred to, is as follows:

Mrs. Martha E. Mason, suing in behalf of herself and all other taxpayers of the City of Spartanburg who may come in and contribute to the costs of the action, and for and in behalf of the City of Spartanburg, brought action against I.

T. Williams as the city clerk and treasurer of the City of Spartanburg, and Fidelity & Deposit Company of Maryland as surety of said I. T. Williams, as city clerk and treasurer of the said city.

The cardinal issue presented by the complaint is that it was the duty of I. T. Williams, clerk and treasurer as aforesaid, to collect the paving assessments due the city, but that in neglect of his said official duty he did not collect such paving assessments; neglected to take proper action in the matter until the lien provided by law for such paving assessments had expired. The bond which the law requires such officers to give, and which was given with the co-defendant herein as surety, provided that the condition of the bond is that "if the above-bound I. T. Williams shall well and truly perform the duties of said office * * *˙ then the above obligation to be void and of none effect, or else to remain in full force and virtue." The said bond is in the sum of $20,000.00.

The complaint further alleges that by and because of the failure and neglect of the said I. T. Williams, as clerk and treasurer, to collect the paving assessments, the City of Spartanburg has lost the amounts of said assessments totaling $28,854.66, and that such loss entails upon the city the necessity of imposing upon the plaintiff and all other owners of property in the city additional taxes to meet such loss.

That by reason of such loss through the negligence of said I. T. Williams, he, as principal, and the Fidelity and Deposit Company, as surety, have become indebted and liable on said bond to the City of Spartanburg and the citizens thereof in the sum of $20,000.00, for which claim has been made and payment refused. That on information and belief the plaintiff alleges that the City of Spartanburg has failed and refuses to protect the interests of the people of Spartanburg.

On defendant's motion, the Court granted an order which required the plaintiff to allege more specifically the acts or ordinances which form the basis of plaintiff's suit. It seems

that one object of procuring such order was to enable defendants to plead thereto all legal defenses available. The plaintiff by her amended complaint complied with the order of the Court.

For answer, I. T. Williams set up a general denial, and admitted Paragraphs (2) (3), (4) and (7) of the complaint; admits that he executed the bond with Fidelity & Deposit Company of Maryland as his surety; alleges that said bond was executed upon an application made to the said surety by the City of Spartanburg to the effect that this defendant was in no way responsible or liable for failure to collect past-due taxes, paving assessments, license fees, etc., and that such representation was in conformity with the duties attaching to the said office of city clerk and treasurer of the City of Spartanburg. He admits that on March 21, 1932, the city council of the City of Spartanburg passed a resolution or ordinance, but denies that it is correctly set forth in the complaint and prays reference to it.

By way of affirmative defense, he alleges: That after due inquiry made the City of Spartanburg was advised on two occasions in the form of written opinions by the city attorney, who under the statutory laws of the State is made legal adviser of the City of Spartanburg and its officials in all legal matters, that paving assessments against property located in the City of Spartanburg continued as valid liens upon the property involved in and covered by such assessments for a period of ten years from the date that such assessments were ratified; that the said city and its officials were entitled to rely upon the opinions of the regularly elected and acting city attorney, and are not liable or responsible for any error therein; that the said city and all its employees, including this defendant, so this defendant is informed and believes, relied in good faith upon the aforesaid legal opinions duly rendered by the city attorney, and that such advice of counsel, given upon a strictly legal matter, received and relied on in good faith, is plead as a complete bar to any right of action herein.

The defendant, the Fidelity & Deposit Company of Maryland, set up for answer a general denial, and admits the allegations of Paragraphs 2, 3, 4, and 5 of the complaint. It admits so much of Paragraph 6 as alleges that it executed a bond substantially in the form set forth, pursuant to the application of the City of Spartanburg, specifically denies that said bond was executed pursuant to the "statutory laws of South Carolina," and in that connection it alleges that the bond so executed by it as surety on behalf of I. T. Williams as city clerk and treasurer of Spartanburg, was executed in reliance upon and pursuant to a written application and the representations therein made to it by the City of Spartanburg through the mayor of the city acting under the authority of the city council of said city, and that among the representations included in said application, and without which defendant would not have executed said bond, was the representation that the principal on said bond was not responsible for delay or failure in the collection of city taxes, paving assessments, license fees, etc., and that said representations, constituting a part of the inducement for the execution of the said bond by the defendant, and without which the defendant would not have executed it, constitutes a part of it and must be given effect in the construction of the bond.

And there follows an affirmative defense set out in the same language as is the affirmative defense set out in the answer of the defendant, I. T. Williams.

And further answering by way of affirmative defense, this defendant alleges that this defendant refused to issue any bond on behalf of its co-defendant herein if its principal, under his duties as city clerk and treasurer, was in any way responsible or liable for a failure to collect promptly and properly delinquent taxes, paving assessments, license fees, etc.; that the City of Spartanburg through its mayor, acting under the authority of the city council, in order to induce this defendant to execute the bond represented unto this defendant that its principal was not responsible for failure to collect delinquent taxes, paving assessments, license

fees, etc.; that relying upon said representations, without which this defendant would not have executed said bond, and which represented a material inducement made by the City of Spartanburg to it, this defendant executed said bond, and that by reason. of the representations relied on by this defendant, the City of Spartanburg and all persons claiming in its right and stead, such as the plaintiff herein, are estopped from asserting any liability under said bond against this defendant for the failure of its principal to collect past-due taxes, paving assessments, license fees, etc.

The plaintiff moved to require the defendant, I. T. Williams, to strike from his answer all the matter in Paragraph 4, upon the grounds that it is irrelevant, redundant, immaterial and constitutes no defense to the plaintiff's cause of action, and that any evidence relating thereto would be inadmissible. And plaintiff, at the same time, moved to require the defendant Fidelity & Deposit Company to strike from its answer the allegations of Paragraph 4, which is identical to Paragraph 4 of the answer of I. T. Williams, and the motion to strike was made on the same grounds as the motion to strike Paragraph 4 of the answer of I. T. Williams. Plaintiff also moved to require the Fidelity & Deposit Company to strike Paragraphs 2 and 3 of its answer on the same grounds. These paragraphs have been hereinabove set out and need not be repeated.

After the commencement of the action, the plaintiff, Martha E. Mason, died intestate. C. M. Mason and W. P. Mason were duly appointed administrators· of her estate. They filed their petition praying that their names be substituted for hers and that the action be continued and revived in their names.

In due time Judge Gaston filed his order granting the motions to strike and another order granting the motion to substitute C. M. and W. P. Mason in the place of Martha E. Mason and that the action be continued in their names.

From these orders, appeals come to this Court upon numerous exceptions. With their usual ability, appellants'

counsel have suggested and argued a number of questions. In our opinion the cardinal questions upon which the appeal turns are these:

1. Was the Circuit Judge correct in granting the motions to strike?

2. Was it the duty of the city clerk and treasurer to collect back taxes and paving assessments?

3. Was the Circuit Judge correct in granting the motion to substitute C. M. and W. P. Mason in the stead of Martha E. Mason, deceased?

The answer to the first question is found in the determination of the inquiry: Is the matter which plaintiff moved to strike from the answers irrelevant? If it is, it was right to strike it.

Nowhere have we found in terse and apt language a better definition of irrelevancy than in the opinion in the case of *Gadsden v. Catawba Water Power Company,* 71 S. C., 340, 51 S. E., 121. Syllabus 1 is in these words: "An allegation stating the reasons why a defendant was indifferent and careless is merely evidentiary and should be stricken out as irrelevant."

In the present case the defendant Williams seeks to excuse himself for failing to collect the past-due paving assessments on the grounds that the city attorney had given it as his official opinion that the lien of the paving assessments extended for ten years from the date on which the assessments were approved, whereas the lien lasted for only five years. And the Fidelity & Deposit Company seeks to excuse itself on the grounds that the mayor of the city, to induce it to execute the bond for the city clerk and treasurer, assured it that the city clerk and treasurer was not responsible or liable for uncollected paving assessments. The city clerk and treasurer had it in his power to determine or ascertain the extent of the lien of the paving assessments, with which, in all probability, he had been intimately connected. If he chose to accept the opinions of others thereabout, he must abide by his error and neglect. The Fidelity & Deposit Com-

pany was even more negligent. That defendant is engaged in executing bonds for those engaged in fiduciary positions. Of all persons they should be the most careful to ascertain the true facts in regard to the officers for whom they become surety, and the nature of the duties the principal is to discharge. In this case this defendant accepted the statement of the mayor, and the opinion of the city attorney in regard to a matter vital to the safety of the interests of the defendant, and in regard to which it could easily have reassured itself. Its own negligence is responsible for the dilemma in which it finds itself.

We do not think that such excuse should shield it at the expense of the public which, it is alleged, will suffer great loss if it be excused.

In the case of *Watford v. J. K. Windham & Co.*, 64 S. C., 509, 42 S. E., 597, 598, the action was on a note. At great length the defendant set out alleged transactions between himself and plaintiff relating to matters remotely relating to the issues made by the then action. Judge Buchanan struck out these allegations as irrelevant. Mr. Justice Jones said on appeal: "The portions of the answer stricken out were paragraphs 3, 4, 5, 6, 7, and 8 above. We think there was no error. Under section 181 of the Code of Civil Procedure, irrelevant matter in a pleading may be stricken out on motion. The matter stricken out in this case is clearly irrelevant, having no substantial relation to any matter in controversy, and, if proven as alleged, it would not defeat plaintiff's right to recover upon the note, which defendants admit they executed to plaintiff."

In the case now before us, the issue tendered by the complaint is that Williams, the city clerk and treasurer, by his neglect and failure to collect the paving assessments until the lien which secured their payment had expired, this caused loss to the plaintiff and those in like state with her. How can it be said that this defendant, who admittedly did not collect the paving assessments in proper time, may be excused of his default because he was wrongfully advised by city offi-

cers? It was his duty to ascertain the true status of the matter. In reply to the same issue tendered by the plaintiff, the defendant Fidelity & Deposit Company seeks to escape liability on the clerk and treasurer's official bond by saying that it would not have signed the bond if the city, through its mayor, had not misled the company by saying the clerk and treasurer had nothing to do with collecting back taxes and paving assessments. That can have no relevancy to the only issue tendered by the complaint. Concede, if you please, that these wrong statements were made to the defendant, it was not bound to accept them. It had the means of ascertaining the truth about them, but rather than ascertaining the truth, it preferred to accept and act on the statements.

In the case of *Mikell v. McCreery-Pressley Company,* 105 S. C., 25, 89 S. E., 467, it is laid down that: "Motions to strike out allegations as irrelevant and redundant are addressed to the discretion of the trial Judge. * * * All allegations not appropriate to a cause of action relied on are superfluous and should, on motion, be stricken."

The appellants do not complain or contend that the Circuit Judge abused his discretion. Indeed, it could not well have been so contended.

The appellants take the position that there is no allegation or showing that the city clerk and treasurer is required to collect paving assessments and, hence, his failure to do so is not such neglect of duty, even if there was loss of the amount of the paving assessments, as would make him responsible, and his bond is not liable.

Spartanburg is under the commission form of government. In regard to such cities, Section 7604, Code 1932, provides: "The council shall have, possess and exercise all executive, legislative and judicial powers and duties conferred upon such city, or theretofore belonging to it, with the power to establish such subordinate officers as they may see fit, and assign to them appropriate duties, subject to the council. * * * *"

On the 21st day of March, 1932, the city council of Spartanburg adopted the following resolution, see page 22 of the Transcript of Record:

"EXHIBIT 'I'

"Minute Book Page 531

"Resolution Relating to the Collection of Abutting Property Assessment Tax:

"Whereas, It appears that there are a number of delinquents on the Abutting Property Tax Books whose final installments are past due and who have been duly notified by published notice in the local papers; and Whereas, it is absolutely necessary to collect this tax with which to meet obligations incurred in making such improvements; therefore, be it

"Resolved, That the City Treasurer be, and is hereby instructed to notify each delinquent, in writing, the amount due and unpaid, and that if such account, as set forth in said notice, is not paid within fifteen days from date of this notice, he shall proceed at once to collect same, as provided by law."

Unquestionably, the council had power to enact such ordinance or resolution. Unquestionably, the resolution in plain language directs the city treasurer to collect these past-due paving assessment taxes.

It seems idle to question that it was the duty of the city treasurer to collect these taxes and that it was a breach of his duty not to do so, and that his official bond was liable thereon.

Did the Circuit Judge err in granting his order that the administrators of the estate of Martha E. Mason, the plaintiff, who died after action begun be substituted in her stead?

The gravamen of appellants' contention is that the parties substituted were not required to file a supplemental complaint. Appellants do not point out how they have been hurt thereby, nor do they set out the particulars which the substituted parties should have been required to set out in the

supplemental complaint. The defendants were already apprized of the fact that C. M. Mason and W. P. Mason were administrators of the estate of Martha E. Mason, who had died after the bringing of the action in which she was plaintiff. That the new parties could have added nothing to the complaint is above suggestion. To have required the service of a supplemental complaint would have been a needless gesture.

The decree of the Circuit Judge contains this pertinent and timely comment:

"Plaintiff in this case was merely a nominal plaintiff, the beneficial interest being in the City of Spartanburg and in the public. The money collected on defendant's bond would enure to the benefit of the City of Spartanburg and the public in general. They are, therefore, the beneficial plaintiffs and the real parties in interest.

\* \* \*

"The death of one taxpayer would not abate the action as to all of the other taxpayers and as to the City of Spartanburg the beneficial plaintiff. It has been generally held that the death of any person suing in a representative capacity does not abate the action, but that the administrators may continue the action in their name.

"1 Cyc., 59: 'It has been held that a taxpayer's action survives plaintiff's death.'

"*Gorden v. Strong,* 158 N. Y., 407, 53 N. E., 33. 'In the case of the death of the taxpayer, the action may be continued in the name of the executor or administrator on motion of such executor or administrator.

"1 C. J. S. [Abatement and Revival, §] 118: 'Death of a nominal or merely formal plaintiff is no ground for abatement of an action or suit.' The suit proceeds in the name of the real party in interest."

We hold that the Circuit decree appealed from correctly disposes of the salient issues involved in the appeal; and this opinion disposes of the issues really made by the exceptions.

MR. CHIEF JUSTICE BONHAM concurs.