## JONES v. FULLER.

1. The exception to the general rule, that the opinions of witnesses are not competent evidence, is not confined to the case of expert testimony.
2. While it is necessary that the witness should first state the facts upon which he bases his opinion, where the facts are such as are capable of being reproduced in language, it is not necessary to do so where the facts are not capable of reproduction in such a way as to bring before the minds of the jury the condition of things upon which the witness bases his opinion. Such evidence is competent from the necessity of the case.
3. In action for breach of promise of marriage, witnesses for the plaintiff, her neighbors and the intimate friends of her family, were permitted to testify as to what, in their opinion, was the amount of damage she had sustained by reason of the breach. *Held,* that such evidence was admissible.

Before WALLACE, J., Laurens, September, 1882.

Action by Mary Belle Jones against P. H. E. Fuller. The opinion states the case.

*Mr. B. D. Cuningham,* for appellant, cited 10 *Pick.* 477 ; 21 *Id.* 142 ; 22 *Id.* 427 ; 27 *Me.* 35 ; 19 *Wend.* 232 ; 1 *Hawks* 6 ; 1 *Greenl. Evid.,* § 440 ; 13 *N. J.* 232 ; 1 *McMull.* 57 ; 1 *Paige* 171 ; 4 *Den.* (*N. Y.*) 311 ; 17 *Wend.* 136, 161 ; 4 *Id.* 320 ; 12 *Me.* 310 ; 3 *N. H.* 357 ; 20 *Wis.* 262 ; *Sedgw. Dam.* (*5th ed.*) 228, 421, 693.

*Mr. R. C. Watts,* contra, cited *Whart. Ev.,* §§ 509, 512 ; 27 *Conn.* 192 ; 17 *Id.* 249 ; 117 *Mass.* 133 ; 14 *N. Y.* 562 ; 1 *McMull.* 56 ; 14 *Serg. & R.* 142 ; 13 *Metc.* 288 ; 49 *N. H.* 399 ; 56 *Id.* 227 ; 29 *Mich.* 173 ; 1 *Greenl. Evid.,* § 440 ; 2 *Id.,* § 171.

*Mr. D. R. Duncan,* in reply.

March 17th, 1883. The opinion of the court was delivered by
MR. JUSTICE McIVER. This was an action to recover damages for a breach of promise of marriage. The contract

and the breach thereof were fully established, not only by the admission in the pleadings, but also by testimony adduced at the trial, and the only question for the jury was as to the amount of the damages.

The plaintiff, after adducing testimony as to the contract and its breach, offered evidence tending to show the damages which she had sustained. Amongst other witnesses offered for this purpose, Dr. E. G. Simpson was examined, who testified "that he had known the plaintiff from her infancy, having been the family physician; that the social standing of the family was as good as any in the county; that the plaintiff was particularly bright and attractive, and that she was well educated; that her engagement to Fuller was well known in the community, and also the treatment which she had received from Fuller; that he thought she had been seriously damaged."

This witness was then asked the following question: "From what you know of all the facts and circumstances, how much was the plaintiff damaged?" To this question the defendant objected, and his objection being overruled, the witness answered as follows: "That he thought the plaintiff had been seriously— somewhere from $5,000 to $10,000." The next witness offered was Col. John G. Williams, who, after testifying substantially as Dr. Simpson had done, was asked the same question, as to what he thought was the amount of the damages sustained by plaintiff, to which, after objection, which was overruled, he replied: "Her damages are incalculable in dollars and cents— certainly not less than $10,000."

No testimony was offered on the part of the defense, and the Circuit judge, after instructing the jury that the only question for them to determine was the amount of the damages, the contract and its breach having been admitted by the pleadings, proceeded to charge the jury in these words: "In considering the damages, it would be their duty to consider all the facts as brought out in the evidence, and that they were not bound to take the amounts stated by the witnesses, but could find their verdict regardless of any sum mentioned or named by any witness. That the amount of the damages belonged exclusively to them, and must be reached from the facts; that they could

find from the smallest coin to $10,000," that being the amount demanded in the complaint.

The jury found a verdict in favor of the plaintiff for $9,000 ; and a motion for a new trial, on the minutes, having been refused, the defendant appealed from the judgment entered on the verdict on the following ground : "Because his Honor erred in allowing the witnesses, Dr. E. G. Simpson and Col. John G. Williams, to state to the jury their opinions as to the damages inflicted upon plaintiff by breach of contract of marriage by the defendant."

While much has been written by elementary writers, and in the opinions of the courts, as to the admissibility of the opinions of witnesses as evidence, we are not aware of any case in which the precise question raised by this appeal, has been determined. We must, therefore, resort to the general principles of evidence, and from them deduce the rule applicable to this particular case.

There can be no doubt that, as a general rule, a witness is not at liberty to express an opinion, but must confine himself to the statement of facts ; but there is as little doubt that this rule is subject to many exceptions. This will be seen by reference to the case of *Commonwealth* v. *Sturtivant*, 117 *Mass.* 122, and the note to that case as reported in 19 *Am. Rep.* 410, as well as to the case of *State* v. *Pike*, 49 *N. H.* 399, reported also in 6 *Am. Rep.* 533 ; especially the dissenting opinion of Doe, J., which afterwards received the sanction of the same court in *Hardy* v. *Merrill*, 56 *N. H.* 227 (22 *Am. Rep.* 441), where the case of *State* v. *Pike* was overruled. In these cases will be found elaborate discussion of the subject and very full collections of the authorities.

In 1 *Whart. Ev.*, § 511, the writer, in discussing this subject, after mentioning many instances in which exceptions to the general rule have been allowed, lays down the following principle : "Whenever a condition of things is such that it cannot be reproduced and made palpable in the concrete to the jury, or when language is not adequate to such realization, then a witness may describe it by its effect on his mind, even though such effect be opinion." Again, in section 450, the same author, in showing that the exception to the general rule is not confined to the

case of the testimony of an expert, speaks of the admissibility of opinions as to the amount of the damages caused by another's act, in these words : " When the thing damaged is one of every-day use, whose depreciation an ordinary observer can estimate, then such an observer may be called to express his opinion of the extent of the damage sustained. If the facts which form the basis of such an opinion can be specified, then they must be stated ; if the conclusion is one which the jury can draw, then to the jury must be left the drawing the conclusion. But when, as is often the case, these facts can be best expressed by the damage they cause, then this damage and its extent may be testified to by the witness."

In *Commonwealth* v. *Sturtivant, supra,* it is said : " The exception to the general rule, that witnesses cannot give opinions, is not confined to the evidence of experts, testifying on subjects requiring special knowledge, skill or learning, but includes the evidence of common observers, testifying to the results of their observation made at the time, in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to a jury. Such evidence has been said to be competent from necessity, on the same ground as the testimony of experts, as the only method of proving certain facts essential to the proper administration of justice."

In *Hardy* v. *Merrill,* it is said : " Opinions of witnesses, derived from observation, are admissible in evidence when, from the nature of the subject under investigation, no better evidence can be obtained."

The case of *Seibles* v. *Blackwell,* 1 *McMull.* 56, referred to in the argument, is not in conflict with these authorities. There the question was, whether non-professional witnesses could express an opinion as to the existence of disease in a slave ; and the point really decided was, that they could do so, inasmuch as it appeared that they had first stated the facts upon which they based their opinions. It is true, O'Neall, J., did say, that if they had merely expressed their opinions without stating the facts, their testimony ought to have been rejected ; but that was said in reference to a case where the facts could have been reproduced before the jury.

From these authorities we deduce the following conclusions: First. That the exception to the general rule, that the opinions of witnesses are not competent evidence, is not confined to the case of expert testimony. Second. That while it is necessary that the witness should first state the facts upon which he bases his opinion, where the facts are such as are capable of being reproduced in language, it is not necessary to do so where the facts are not capable of reproduction in such a way as to bring before the minds of the jury the condition of things upon which the witness bases his opinion. Third. That such evidence is competent from the necessity of the case.

Now, to apply these principles to the case under consideration: The only question for the jury was as to the amount of damages sustained by the plaintiff, and this question was to be determined by the evidence adduced. The witnesses whose testimony was objected to, were not strangers who were called upon to express an abstract opinion as to the amount of damages which a lady would sustain by the breach of promise of marriage, but they were intimate acquaintances, who knew well the social position of the plaintiff, her temperament and disposition, and all her surroundings, and from the knowledge thus acquired they formed their estimate of the damages which she had sustained. It is difficult to conceive how it would have been possible for these witnesses to state all the various facts, or reproduce in language the condition of things, upon which they based their estimates, so as to make the same palpable to the minds of the jury. How could they express in language the degree of sensibility of the lady, or the numerous other impalpable things which went to make up their estimate of the amount of damages which she had sustained? We think it was just one of those cases where, in the language of that eminent author, Wharton, the " facts can be best expressed by the damage they cause."

In our judgment, therefore, there was no error in admitting the testimony of these witnesses, especially where, as in this case, the jury were carefully instructed that they were not bound to adopt the estimates made by the witnesses, but they were to be considered along with all the other testimony in the case, from

which the jury were to make their own estimate as to the amount of damages.

The judgment of this court is that the judgment of the Circuit Court be affirmed.