7585

SHELTON v. SOUTHERN RY.

1. AMENDING PLEADINGS.—Where the inference may be easily drawn
from the whole complaint that the speed of the train was an act
of negligence alleged and the case is developed on that theory, the
Court may properly permit the complaint amended during argument
by stating more specifically the injury was caused by running the
train at an exceedingly high rate of speed. Such amendment is
permissible under section 194 of Code of Proc., and does not sub-
stantially change the claim.

2. IBID.—Where an amendment is asked for immediately before or
during trial and it operates as a surprise to the opposite party
whereby he has been or will be prejudiced, he should make that
fact appear by affidavit or otherwise to the satisfaction of the Court
to be relieved of such surprise.

3. RAILROADS—PLEADINGS.—Under the allegation of running a train in
a negligent and reckless manner, it may be shown some of the train
crew were under the influence of liquor.

4. EVIDENCE—RES GESTAE.—It is doubtful if the time intervening
between the wreck in this case and the declarations of the engineer
is sufficiently short to bring the declarations within the rule of *res
gestae,* but if there was error in its admission, it was harmless
because the engineer did not deny making the declarations.

5. IBID.—OPINION.—A witness may say the conductor became very
solicitous after the wreck and ran the train very slowly. This
evidence was not relevant here, but not prejudicial.

6. CHARGE—CARRIER.—Instruction here complained of did not require
carrier to disprove that the accident was caused by negligence and
wilfulness before its defense that the derailment of train was an
accident, was available.

7. CARRIER—PROXIMATE CAUSE.—MOTION FOR NEW TRIAL on ground that the wreck was an accident caused by a broken flange, as to which the evidence was not contradicted, was not erroneously refused, as it was a question for the jury to say if the proximate cause of the derailment was the broken flange or the rate of speed.

8. REHEARING refused.

Before KLUGH, J., York, February Term, 1909. Affirmed.

Action by W. J. Shelton against Southern Railway Company and Southern Railway—Carolina Division. From judgment for plaintiff, defendants appeal.

*Messrs. B. L. Abney* and *McDonald & McDonald,* for appellants. *Messrs. McDonald & McDonald* cite: *Declarations of engineer:* Elliott on Ev., secs. 537-545, 564, 252, 255; Michem on Agency, secs. 714, 715; 47 Am. R., 403; 20 Wal., 540; 119 U. S., 99; 11 Rich., 367; 4 S. C., 153; 5 S. C., 358; 19 S. C., 353; 27 S. C., 63; 28 S. C., 157; 53 S. C., 448; 56 S. C., 136; 68 S. C., 462, 304; 13 S. C., 463; 56 S. C., 369; 72 S. C., 256. *Subsequent conduct of conductor:* 51 S. C., 222; 77 S. C., 73. *Amendments during trial:* 30 S. C., 564; 49 S. C., 513; 19 S. C., 560; 16 S. C., 192; 24 S. C., 165; 31 S. C., 119; 51 S. C., 412; 60 S. C., 477; 68 S. C., 506; 79 S. C., 270; 80 S. C., 213; 82 S. C,. 405.

*Messrs. Legare, Holman & Baker, Finley & Jennings* and *John Gary Evans,* contra. *Messrs Legare & Holman* cite: *Declarations of engineer:* 68 S. C., 277. *Subsequent conduct of conductor:* 74 S. C., 306. *Amendment during trial:* 51 S. C., 412; 82 S. C., 313. *Presumption of negligence:* 55 S. C., 389; 9 Rich., 89; 82 S. C., 348; 77 S. C., 436; 72 S. C., 340.

The opinion in this case was filed April 22, 1910, but held up on petition for rehearing until

May 19, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff recovered judgment against defendants for injuries sustained while he was a passenger on defendants' road by the derailment of the car on which he was riding.

In the third paragraph of the complaint, it is alleged that the train was derailed "while moving at a high rate of speed, and was hurled with great force from the track, and was almost demolished and destroyed, and the plaintiff, by reason of the force and effect thereof, was thrown with great violence against the side of the wrecked car in which he was sitting, and was caught and fastened in said wreck, and, that by reason thereof, he received serious and permanent injuries in his back and legs, and that his nervous system was shocked."

The fourth paragraph is as follows: "That the plaintiff was caused to be injured in the manner and by the means aforesaid, by and through the negligent, wanton, wilful and reckless acts of the defendant, its servants and agents, in maintaining and keeping a defective track and roadbed at the point on the line of its road above mentioned, *and by running its said train at an exceedingly high rate of speed thereon,* which was the cause of the derailment of said train."

Testimony was introduced both by plaintiff and defendants, without objection, as to the speed of the train. At the conclusion of defendants' argument, the Court allowed the complaint amended by inserting in the fourth paragraph thereof the words italicized. The reason given by the Court for allowing the amendment was, in part, "The whole drift of the case, not only the argument of counsel here, but the whole drift of the case, while it was being developed, had reference to the fact that the train was being run at a rate of speed, which the plaintiff alleges,

and those representing him, to be negligent." The record fully sustains this statement of the Court.

By a liberal construction of the complaint, even without the amendment, negligence and recklessness is alleged as to the speed of the train. In the allegations of the fourth paragraph, "that the plaintiff was caused to be injured in the manner and *by the means aforesaid,* by and through the negligent * * * and reckless acts of the defendants * * * in maintaining and keeping a defective track and roadbed," etc., the words "by the means aforesaid" couple the high rate of speed with the defective roadbed, as acts of negligence and recklessness causing the injury. That the complaint was so understood and interpreted by defendants' attorney clearly appears from what he said in objecting to testimony as to the train crew being under the influence of liquor, on the ground that there was no allegation in the complaint as to that matter. He said, in referring to the allegations of the complaint: "In the third paragraph, by the means aforesaid, by the defective track, by the rapid running and being derailed, he was injured * * *. Then in the fourth paragraph, that plaintiff was caused to be injured in the manner and by the means aforesaid. Now, what aforesaid? By the rapid running of the train, by their negligence, wanton and wilful acts of the defendants in keeping and maintaining the defective track and roadbed. That is the only allegation outside of the rapid running of the train. There is nothing about the condition of the crew."

Section 194 of the Code of Procedure gives the Court the power, in its discretion, before or after judgment, in furtherance of justice, to amend a pleading, by conformity to the facts proved, when the amendment does not change substantially the claim or defense. The amendment allowed did not change substantially the plaintiff's claim. The object of pleading is to advertise the parties of the issues they will be called upon to meet, and give them time and

opportunity to prepare for trial. The allegations of the complaint in its original form fully advertised the defendants that they were charged with negligence and recklessness in running a train at a high rate of speed over a defective roadbed. The complaint was so understood and construed by defendants' attorney. The amendment allowed had the effect only of making that allegation a little more clear and specific than it had been made. The defendants were not surprised or misled. If they had been, it was their duty to make that fact appear to the Court. Where an amendment is asked for immediately before or during trial, if it operates as a surprise to the opposite party, whereby he has been or will be misled to his prejudice, he should make that fact appear to the satisfaction of the Court by affidavit or otherwise; and, in that event, the amendment will either be refused, or, if granted, he will be given time to prepare to meet the amended pleading. In this case, it was not made to appear or even suggested that defendants were surprised by the amendment. On the contrary, as we have shown, the defendants' attorney construed the complaint, in its original form, to charge just what it does charge with a little more technical accuracy, in its amended form. And, as said by the Circuit Judge, the whole drift of the case, while it was being developed, had reference to the fact that the train was being run at a negligent and reckless rate of speed, over a defective roadbed.

Testimony that some of the train crew were under the influence of liquor was competent and relevant as tending to support the allegations of negligence and recklessness, without any allegation to that effect in the complaint. The pleadings should not be encumbered with matter which is purely evidentiary. *Sharpton* v. *Ry.*, 72 S. C., 162, 51 S. E., 553.

The testimony on the part of plaintiff was that the second car from the engine was the first to jump the track, and

that the engine ran on about three-quarters of a mile before it stopped; the engineer said he stopped within a hundred and fifty or two hundred yards; and when the engineer ran his engine back to the wreck, he said to the conductor: "Cap, we have played hell." Error is imputed to the Judge in admitting the declaration of the engineer on the ground that it was too long after the accident to be admitted as part of the *res gestae.* In *State* v. *McDaniel,* 68 S. C., 304, 47 S. E., 384, it was held that, while the declaration in such cases, to be admissible as part of the *res gestae,* must be substantially contemporaneous with the litigated transaction, and be the instinctive, spontaneous utterance of the mind, while under the active influence of the transaction, the circumstances precluding the idea that it is the result of reflection or design, still no hard and fast rule can be laid down as to the precise time between the occurrence and the declaration; that each case must be decided upon its own circumstances; and that much should be left to the sound discretion of the trial Judge; and that this Court will not reverse his ruling, unless it clearly appears from the undisputed circumstances in evidence that the declaration ought to have been admitted or rejected.

While the length of the time between the wreck and the making of the declaration in this case was such as to raise some doubt as to its admissibility, it was not such a clear case as would warrant the holding that the testimony was not within the rule. The declaration was made immediately upon the engineer's returning to the wreck and seeing what had been done, and we cannot say that it was not the spontaneous utterance of his mind, influenced solely by what had been done. But, even if it should be held that the declaration was not within the rule, there is another reason why its admission would not be reversible error. The engineer was examined as a witness, and, on cross-examination, he did not deny making the statement, but admitted

that he might have said something like that. If he had denied it, the plaintiff could have proved it by way of contradiction, in reply. *Mason* v. *Ry.,* 58 S. C., 70.

The next error imputed to the Court below is in refusing to strike out the testimony of plaintiff that after the accident, the conductor became very solicitous, and ran the train very slowly.

The motion to strike out the testimony was made upon the ground that it was the opinion of the witness. Where the facts upon which an opinion is based cannot be adequately described or represented to the jury, a witness may give his opinion. *Jones* v. *Fuller,* 19 S. C., 66. The conduct or appearance of another cannot always be adequately described; hence, it is competent for a witness to testify as to the mental attitude of another, judging from his appearance and demeanor, as for example, that he was calm, or excited, or angry and so forth. In such cases, the opinion of the witness is received from the necessity of the case.

While we do not think the testimony was relevant, because it did not tend to throw any light on the cause of the accident, still we do not see how it could have prejudiced the defendants.

The next question presented by the exceptions is that the Judge erred in charging as follows: "Well, now the railroad company, as I also have said, in its second defense, alleges that this thing occurred as an accident, and if it appears by the preponderance of the evidence that there was no wilfulness, no negligence on the part of the railroad company in these respects, but that the matter did happen from purely accidental causes, which could not be guarded against, then the railroad company could not be held liable for it. But unless it does appear that it was occasioned by the matters that were accidental, and not by reason of any negligence on the part of the railroad company in running its trains at the rate of speed

it did, or in the condition of the track, unless it does appear
that it was accidental and not due to any of those causes,
then the theory that it was accidental cannot avail the rail-
road company as a defense, and then you will have to
determine, if that should be your conclusion, whether the
railroad company was negligent or not, and, if so, whether
its negligence resulted in injury to the plaintiff; and, if
you determine that, you will determine the amount the plain-
tiff is entitled to recover, and, as I have said, if he has
failed to establish, by the preponderance of the evidence,
the negligence of the railroad company, you will find for
the defendant." The error assigned is that said charge
imposed upon defendants a greater burden than the law
imposes, in that it required them to disprove negligence and
wilfulness before the defense that the derailment of the
train was an accident would avail defendants.

The language of the Judge is not susceptible of such a
construction, for he said in the last sentence quoted, "if he
(plaintiff) has failed to establish, by the preponderance of
the evidence, the negligence of the railroad company, you
will find for the defendant," and he had charged the jury
several times that plaintiff must prove the allegations of
negligence and recklessness by the preponderance of the
evidence. Moreover, the law is well settled that when a
passenger proves injury caused by some agency or instru-
mentality of a carrier, he makes out a *prima facie* case,
and the law raises a presumption that the injury was caused
by the negligence of the carrier; and the burden is then
cast upon the carrier to overthrow the presumption by proof
that the injury was accidental, or due to other causes than
his negligence. *Steele* v. *Ry.,* 55 S. C., 389, 33 S. E., 509.

The last exception is that the Court erred in refusing to
grant a new trial, because the undisputed evidence was that
the derailment was caused by a broken flange on one of the
wheels of the car that first ran off the track.

The defendants' witnesses testified that they found a wheel on the forward trucks of that car with a broken flange, and gave it as their opinion that this was the cause of the derailment, and their testimony, as to finding the wheel with a broken flange was not contradicted, except incidentally in the fact that the piece of flange said to have been broken off was not found, but it was a question for the jury to say whether their testimony was true; and if true, whether the proximate cause of the derailment was the high speed of the train, or the broken flange, for the high rate of speed might have caused the flange to break.

Judgment affirmed.

May 19, 1910. PER CURIAM. Upon consideration of the within petition: Ordered, That it be dismissed and the stay of remittitur be revoked.