13974

VIRGINIA-CAROLINA CHEMICAL CORP. v. TWEED-LUMBER CO. *ET AL.*

(178 S. E., 131)

498

500

*Mr. Wendell M. Levi,* for appellant,

*Mr. Clarke W. McCants,* for respondent,

January 11, 1935.

The opinion of the Court was delivered by MR. J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE.

This appeal challenges the correctness of the ruling of the Circuit Judge in striking from the answer of the appellant, Cooper, as "irrelevant," a portion of the second defense, and all of the third and fourth defenses. Let the complaint, omitting its formal allegations, the answer, and the order of the Circuit Judge be reported.

No attack, either by demurrer or motion, was made upon the complaint, but appellant, by answer, sought to interpose four separately pleaded defenses thereto: The first, a general denial; the second, a combination of denials and new matter by way of avoidance; while the third and fourth defenses, denying none of the averments of the complaint, were pleas in the nature of a confession and avoidance.

The exceptions raise but two questions, which, considered in inverse order, are as follows: Was the new matter alleged

in the second, third, and fourth defenses "irrelevant"; and, if so, should it have been eliminated from appellant's pleading by demurrer, rather than by motion to strike?

"An answer *or a defense* is irrelevant which has no substantial relation to the controversy between the parties to an action." *Burkhalter v. Townsend,* 139 S. C., 324, 138 S. E., 34, 37. "An allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action." *Smith v. Smith,* 50 S. C., 54, 27 S. E., 545, 551. It is patent that the new matter contained in the second and third defenses is wholly irrelevant to the controversy between the parties to this appeal; indeed, it might be termed frivolous—the issue raised by a denial thereof could have no possible connection with, or effect upon, the cause of action which plaintiff sought to declare upon. Likewise, a careful consideration of the fourth defense forces the conclusion that the Circuit Judge properly adjudged the same to be irrelevant. It will be observed that no contract or agreement is relied upon to relieve appellant from liability for the wrongful acts with which plaintiff attempted to charge him, the commission of which is admitted by his failure, in such defense, to deny any of the allegations of the complaint; that there is no averment as to whom his "understanding" was with, or from whom he received his "impression"—whether from his codefendant, the lumber company, or from plaintiff's attorney; certainly there is no specific allegation of any enforceable agreement between appellant and any agent or representative of respondent, having authority from the latter, to release him from responsibility for an alleged tort committed prior to the sale, and it cannot be contended that an attorney at law in an action in foreclosure, in the absence of allegation and proof of specific authority so to do, can bind his client by an engagement to relieve from liability a stranger to the suit in foreclosure who has wrongfully impaired the value of the mortgagee's security. It follows, therefore, as a matter of

course, that appellant's "understanding" and "impression" were wholly irrelevant to the issue as to his responsibility for an alleged delict theretofore committed. The second exception is overruled.

With reference to the first exception, appellant's counsel urges, in effect, that *an entire defense* can be removed from an answer by demurrer only, and not by a motion to strike, the latter remedy being properly employed to eliminate from an answer or defense, otherwise good, only such *portion* thereof as is irrelevant, which last-mentioned contingency is provided for in Section 478 of the Code. Under his own argument, therefore, the irrelevant matter contained in the second defense, and constituting a part only of such defense, was properly stricken under the provisions of such section.

On the other hand, Section 470 of the Code specifically authorizes the striking of *entire* (1) *answers* and (2) *defenses* when they are (1) sham or (2) irrelevant, and the practice of striking a defense in its entirety, when the same is irrelevant, has been recognized and approved by this Court. See *Harman v. Harman,* 54 S. C., 100, 31 S. E., 881, where an objection similar to that presented here was disposed of as follows: "The foregoing words constitute the entire allegations of the defendant's third defense. * * * 'The rule, as stated in its general form, is that each defense must be sufficient in itself, in its material allegations or its denials, to constitute an answer to the cause or causes of action against which it is directed, and thus to defeat a recovery thereon. * * * Each must, in its composition, be complete, sufficient, and full. It must stand on its own allegations. It cannot be aided, or its imperfect and partial statement helped out, by matter found in another defense, unless such matter is expressly referred to, and in an express manner adopted or borrowed from that other, and made a part of itself.' * * * *The allegations of the third defense are insufficient within themselves, and*

*it was not error on the part of the Circuit Judge to strike them out as irrelevant.*" (Italics ours.) The same practice was recognized, at least inferentially, in *Burkhalter v. Townsend, supra,* where it was stated: "The motion of the plaintiff is directed against the *entire answer* as irrelevant, *and not to the separate defenses severally.*" (Italics ours.) As urged by counsel for appellant, plaintiff *might* have demurred to the third and fourth defenses for insufficiency, since he was endeavoring to eliminate such defenses in their entirety, but the last-cited section of the Code, and the authorities mentioned, constitute full authority and precedent for striking, for irrelevancy, either (1) an entire answer or (2) an entire separately-pleaded defense.

Moreover, the record here does not show that this point was made upon the hearing below, and the *Harman case, supra,* is authority for the position that it cannot be relied upon in this Court. By reference to the last paragraph of the opinion in that cause (page 883 of 31 S. E.), it will appear that defendant, on appeal, contended that his counterclaim could not be stricken on motion, that a demurrer should have been interposed thereto, and the Court held: "The 'case' fails to show the very material fact that the appellant upon the hearing of the motion in the Court below objected to the mode of proceeding on the part of the plaintiffs on the ground that the defendant's counterclaim could not be stricken out on motion, but that, if the plaintiffs could take advantage of the manner in which said counterclaim was stated, their only remedy was by demurrer. But, even if there was error on the part of the Circuit Judge, it was harmless, as the alleged defamatory words were not actionable, and not properly pleadable in this case." So here, even if the point now urged was made before Judge Mann, which does not appear from the "case," as it should, his error was harmless, since the matter stricken from the answer did not constitute a defense, and the same was not properly pleadable in the case.

It may be pertinent to add that, under the system of pleading and procedure which obtained in this jurisdiction prior to the adoption of the Code, the objection to striking answers and defenses in their entirety, for irrelevancy, instead of eliminating them by a demurrer for insufficiency, was predicated upon the fact that, when they were removed from the pleading upon a motion to strike, the losing party could not plead over, whereas, upon the Court's sustaining a demurrer, such party was ordinarily permitted to plead further. Under the provisions of Section 470 of our Code, however, which authorizes the striking, for irrelevancy, of entire answers and defenses, "upon such terms as the Court may, in its discretion, impose," we are inclined to the view that it matters not to the losing party whether his "irrelevant pleading" be removed by motion to strike, or by demurrer.

The exceptions are overruled, and the order of Judge Mann is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.