## 15207

### LONG v. PILOT LIFE INS. CO.

#### (13 S. E. (2d), 135)

*Messrs. McDonald, Macaulay & McDonald* and *Smith, Wharton & Hudgens,* for appellant,

*Messrs. Hamilton, Gaston & Hamilton,* for respondent,

February 3, 1941.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action upon an alleged contract of insurance. The complaint alleges that prior to March 20, 1939, appellant had issued on the life of Henry M. Long a contract of insurance in the sum of $500.00, which policy had lapsed for nonpayment of premiums; that this policy contained a provision which permitted it to be revived; that one S. F. Cook, as agent and manager of agents for appellant in Chester County, approached respondent (the son of Henry M. Long), and as a result of the conversation between respondent and appellant's said agent, it was agreed that respondent would pay the premiums in arrears on said $500.00 policy, and it was to be revived as per the terms contained therein; that later, Cook saw respondent and told him it would be cheaper to purchase a new $500.00 policy on the life of his father, the premiums being 53¢ per week; that "at the request of S. F. Cook plaintiff (respondent) agreed to do this instead of reviving the said lapsed policy as had been planned and agreed upon, and Henry M. Long signed application for a $500.00 insurance policy on his life, *in which Lathan A. Long was made beneficiary,* and this was done on or about 23rd February, 1939,  *  *  * ." (Italics added.) It was further alleged that respondent, Lathan A. Long, had made weekly payments of premiums on said new policy amounting to $1.49; and Paragraph 5 of the complaint reads as follows: "5. Henry M. Long departed this life suddenly on the morning of the 20th, March, 1939, and under the insurance contract as evidenced by the application and receipts, the defendant became indebted to the plaintiff in the sum of $500.00. All conditions precedent were waived as hereinabove stated."

The answer of appellant denied all allegations of the complaint not specifically admitted; admitted that prior to March 25, 1939, it had delivered a policy of insurance to Henry M. Long, which policy had lapsed for nonpayment of premiums, and that said policy contained a reinstatement provision (setting out the terms thereof); admitted that Henry M. Long was advised that it would take less money to apply for

a new policy than to reinstate the former policy, "and that subsequently said Henry M.. Long made application for a new policy in his application bearing date February 24, 1939."

Under the view we take of the case it is unnecessary to set out any other allegations of the answer. The record discloses the following apposite facts: The beneficiary named in the lapsed policy of insurance is Ethel Long, the mother of respondent and wife of Henry M. Long. The beneficiary named in the written application of Henry M. Long for a new policy is Ethel Long, the mother of respondent and wife of applicant, said application being dated February 24, 1939.

Over the objection of appellant, the respondent was permitted to testify that the agent of appellant told him he was to be the beneficiary in the new policy, and collected premiums from him. Respondent was further permitted to testify that upon paying the agent of appellant the sum of $1-.06, which represented the first two weeks' premiums on the new policy, he was given a receipt reading as follows: "Received of Lathan Long, $1.06, two weeks' premiums on Henry Long's insurance." (The receipt was not produced—it had been lost.)

At the conclusion of the taking of the testimony, appellant moved for a directed verdict in its behalf except as to the sum of $1.59 representing the premiums paid by respondent. We reproduce Grounds 1, 3 and 5:

"1. That the plaintiff in this case has declared upon a written contract, and not upon an oral contract, and that he would be absolutely bound by the terms of the written contract, the written application upon which he is suing.

"3. And that the only possible theory upon which the plaintiff could recover in this case, is upon an oral contract, which is not alleged in the Complaint, * * *.

"5. That, under the evidence in this case, there is shown, only accepting the view most favorable to the plaintiff, that there was an oral contract; that the application shows that Mrs. Ethel Long was to be the beneficiary in said policy, and

not the plaintiff, and that the plaintiff is not the proper party to sue, and that if, as contended by the plaintiff, there was oral agreement making him the beneficiary, that evidence only shows a breach of that agreement, and that under the decisions of the Supreme Court damages would only be the amount of the premiums that have been paid by the plaintiff."

This motion was refused, and the jury returned a verdict in favor of respondent in the sum of $500.00 and interest from March 20, 1939.

It will of course be recognized that we are here dealing with only one phase of the case, viz., has the respondent the right to sue and recover upon any contract which may have existed between appellant and Henry M. Long, the deceased? If he has not such right, any discussion of the other issues would be gratuitous on our part.

The object of pleading is to advise the parties of the issues they will be called upon to meet. *Shelton v. Southern Ry.,* 86 S. C., 98, 67 S. E., 899. Respondent's cause of action is bottomed upon a "signed application for a $500.00 insurance policy" by Henry M. Long, "in which Lathan A. Long (respondent) was made beneficiary." There is no such written instrument. The application for a policy signed by Henry M. Long designated his wife, Ethel Long, as the beneficiary.

Respondent has cited the case of *Kirton et al. v. Howard et al.,* 137 S. C., 11, 39, 134 S. E., 859, 869, and quoted therefrom the following : "It has also been determined that where objection is not taken by demurrer or answer 'that the plaintiff has not legal capacity to sue,' such objection cannot be taken advantage of under a general denial." That such is the law is not questioned, but in the case at bar, the plaintiff (respondent) under the allegations of his complaint, had the "legal capacity to sue." His alleged cause of action was predicated on a signed application for a $500.00 insurance policy on the life of Henry M. Long in

which he was made the beneficiary. The evidence disclosed that the only application for insurance made by Henry M. Long to appellant designated another as the beneficiary, and hence respondent did not have a cause of action against appellant.

Appellant's motion for a directed verdict should have been granted. The case is remanded for entry of judgment in accordance with the motion.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.