15286

DICKSON'S DRUG STORE, INC. v. DAVIS

(15 S. E. (2d), 332)

October, 1940.

*Mr. Charlton DuRant,* of Manning, for appellant,

*Messrs. Davis & McFaddin,* of Manning, for respondent.

May 8, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

On the call of this case for trial, plaintiff's counsel moved to strike from defendant's answer Paragraphs I, II, III, IV, V, VI, and VII, on the grounds that the allegations thereof were irrelevant and redundant. The motion was granted. The order further directed that the words in the general denial "except such as may be hereinafter expressly admitted or explained, and alleges on information and belief," be struck, "so as to make the general denial read properly."

The respondent appeals from this order upon two exceptions alleging error as follows:

"1. The plaintiff-respondent having inserted allegations as to the history and background of the relations of the parties as a necessary part of its cause of action, the appellant should have been allowed to allege facts as to a different history and background.

"2. The complaint alleged a contract under which S. L. Davis and W. Gilmore Simms were to each receive a 25% interest at some future time for their labors, and that the incorporation was a fulfillment of this contract. This alleged, in legal effect, the ending of one mutual account and the starting of a new one and all prior items are barred, but if the Court ruled otherwise appellant should then be in a position to prove the partnership relation by other evidence, and that S. L. Davis got 3/8 interest in the new corporation instead of 1/4—and striking out these allegations in the answer was error."

It becomes necessary, for a clear understanding of the issues, to scan carefully the pleadings. Each of the parties criticizes the pleadings of the other, and, with the kindest sentiments, we venture to say that both the complaint and the answer are open to the charge of being what the Code writers denominate "loose pleading." The Code, Section 456, provides that the complaint shall contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." The complaint in this action, after setting out the allegations that the plaintiff is a

corporation and the defendant is the duly appointed and qualified administratrix of the estate of S. L. Davis, proceeds with a good deal of detail to set out that Dr. George L. Dickson was the owner of a drug store; that in 1925 he made a contract with S. L. Davis and W. G. Simms by which he gave them each a one-fourth interest "in said business upon their taking charge of said business and paying off an indebtedness of $9,000.00." S. L. Davis was made manager and bookkeeper at a salary of $150.00 per month; that in November, 1931, the business was converted into a corporation with Dickson, Davis and Simms, the stockholders, and that the corporation acquired and took over the assets and accounts and assumed the liabilities and obligations of George L. Dickson; the corporation continued the business under the sole management and control of S. L. Davis upon a monthly salary of $150.00 per month to be paid him. That between January 1, 1925, and March 23, 1939, the said S. L. Davis, while so managing and keeping the books of the said firm, became indebted to the said G. L. Dickson and the said corporation for goods, wares and merchandise furnished him, and cash, and personal bills paid by G. L. Dickson and said corporation for and in behalf of said S. L. Davis and otherwise in the sum of $34,549.26, no part of which has ever been paid, "except the sum of $25,500.00, an itemized statement of the mutual, open and current account in which there have been reciprocal demands between said S. L. Davis and plaintiff and its predecessor, G. L. Dickson, being hereto attached as a part of this complaint and marked Exhibit 'A'."

That statement does not appear in the Transcript of Record.

Respondent in its brief states that appellant is complaining because the trial Judge did not transfer the case to Calendar 2, and refer it to a referee when there was no such motion by appellant and nothing of the kind suggested to the Court below.

After the Court had struck out practically the whole of defendant's answer, we do not see upon what ground she could have made such a motion.

The answer, following the example of the complaint in the prolixity of its detail, alleges: That a partnership was formed between G. L. Dickson and S. L. Davis, and afterwards W. G. Simms was admitted. In 1931, a corporation was formed with a capital stock of $5,000.00, with a par value of $25.00, of which G. L. Dickson owned 75 shares, S. L. Davis owned 75 shares, and W. G. Simms owned 50 shares. That during 1936, Simms withdrew and a full settlement was made with him, and then the stock was owned by Dickson and Davis in equal shares. The business was continued with Davis as manager at a monthly salary of $150-.00. That Dickson spent practically all of his time in the store and was fully cognizant of all the business and had full access to all of the books. That upon the death of S. L. Davis and the appointment of defendant as administratrix, a claim was filed with her against the estate of S. L. Davis for the sum of $6,993.80, and in a statement filed at the same time it was claimed that W. G. Simms was indebted to Dickson's Drug Store in the sum of $2,921.12, and the plaintiff corporation to Dr. G. L. Dickson in the sum of $1,509.14 for rent, and $2,000.00 for what was called the Rawlinson note and $1,252.00 interest thereon, and that the corporation had liabilities amounting to $1,837.94, for taxes, expenses and licenses. Aside from the amounts charged to W. G. Simms, and S. L. Davis, the assets of the corporation amount to $5,256.02. That notwithstanding the said W. G. Simms had retired from the business and had a full settlement with his partners, which included his stock in the said corporation, he had not conveyed or delivered his stock, but immediately upon the death of S. L. Davis, Dr. George L. Dickson procured the Simms stock certificate, paying nothing therefor, had same transferred to him and now holds same, although S. L. Davis then owned one-half thereof, as half owner of the business. The defendant pleads the statute of limi-

tations to all charges and transactions occurring more than six years before the commencement of this action. The defendant denies each and every allegation of the complaint except such as may hereinafter expressly be admitted or explained and alleges upon information and belief, etc.

It is evident that plaintiff seeks to hold the action to be one at law upon an itemized account, and that the trial should be by jury. But an analysis of the complaint does not lend support to that contention. The copy of the statement set forth in the transcript shows the total of debits and credits by annual totals. That is not an itemized account in the legal meaning. That sort of statement does not apprise the defendant of the items which go to make up those annual totals. Defendant's intestate is not here to inform her of the transactions which led up to those totals.

The action is brought in the name of Dickson's Drug Store, Inc., and yet the complaint sets out in detail the formation of the partnership composed of G. L. Dickson, S. L. Davis and W. G. Simms, and also of the organization of the corporation, and alleges that Davis, while acting as manager of the corporation, incurred a large indebtedness to G. L. Dickson and the corporation and prays for judgment against the defendant in favor of the corporation alone for $9,049.26.

"The object of pleading is to [advise] the parties of the issues they will be called upon to meet." *Shelton v. Southern Ry.*, 86 S. C., 98, 67 S. E., 899, 901. Cited in *Long v. Pilot Life Ins. Co.*, 196 S. C., 163, 13 S. E. (2d), 135.

"Relevancy" is thus defined by Black's Law Dictionary, 3rd ed., at page 1522: "That quality of evidence which renders it properly applicable in determining the truth and falsity of the matters in issue between the parties to a suit."

To our minds the allegations of the answer which were struck out by the Circuit Court plainly challenge the truth or falsity of the allegations of the com-

plaint, in whole or in part, and tend to elicit the correct state of the matter in issue.

Respondent objects to the answer on the ground that it is irrelevant and redundant, and the order of the Circuit Judge so holds. We do not think it is irrelevant and, since it fully informs the plaintiff of the issues which the defendant tenders, plaintiff has no good ground of complaint on the score of redundancy.

Inasmuch as the order of the Circuit Judge must be reversed, the allegations of the answer will be restored and the question will then arise whether this action is one at law and should be tried by a jury, or is one in equity, or one of mixed questions of law and equity, and that the case should be referred.

This question of reference may not arise or be settled until the evidence has been heard. Section 652 of the Code provides that all issues may be referred, whether of law or of fact, or both, by consent. Section 653 provides when reference may be compulsorily ordered: 1. In all equitable actions, and of equitable issues in actions at law.

This question of reference is not before us, but in view of the fact that it may arise in the trial of the case, we express no opinion thereabout.

The order appealed from is reversed and the case remanded for trial.

Messrs. Justices Baker and Fishburne and Mr. Acting Associate Justice T. S. Sease concur.

Mr. Justice Stukes did not participate.