15831

LUCAS *ET AL.* v. GARRETT *ET AL.*

(38 S. E. (2d), 18)

*Messrs. Mann & Arnold,* of Greenville, for Appellant,

*Mr. Stephen Nettles,* of Greenville, for respondents,

April 19, 1946.

MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER delivered the unanimous Opinion of the Court.

This is an appeal from the order of Special Judge Thomas M. Lyles, striking certain allegations from the answer of the appellant, David H. Garrett, upon the ground that such allegations were irrelevant and redundant.

The agreed statement of facts contains a clear statement of the facts necessary to the decision of the questions raised by the appeal, which we set out herein below:

"This action was instituted on or about January 29, 1945, by the respondents by the service of a summons and complaint.

"The respondents in their complaint seek to recover the sum of $2,373.26 for loss or damage by fire to certain cotton owned by them while being transported on a truck owned and operated by David H. Garrett, the appellant. The American Fire and Casualty Company had issued to David H. Garrett a Trucker's policy of insurance covering loss by fire, which policy had attached to it an endorsement required by the South Carolina Public Service Commission

in conformity with Section 8511 of the 1942 S. C. Code.

"Separate answers were filed for the defendants through the same attorneys. The defendant Garrett in his answer sets up a qualified general denial and three affirmative defenses. The first affirmative defense is that the plaintiffs are not the real parties in interest. The second defense is that plaintiffs carried fire insurance on their cotton with the St. Paul Fire & Marine Insurance Company, which had paid the loss in full, and the St. Paul thereby waived its right to claim payment from the defendant Garrett. The third defense is that since there were two separate insurance companies insuring the same risk, one company being the plaintiff's insurer and the other being the defendant Garrett's insurer, the two companies should share the loss on a pro rata basis.

"Plaintiffs thereafter moved to strike the three affirmative defenses from the answer of the defendant Garrett on the ground that they were irrelevant and redundant.

"The motion came on to be heard before Hon. Thomas M. Lyles, Special Presiding Judge, at September Term, 1945. By agreement the motion was heard with the policies of both the St. Paul and the American Fire, and the subrogation receipt executed by plaintiffs to the St. Paul, before the Court. Plaintiffs admit that they have been paid in full for their loss by the St. Paul. By his order, dated October 5, 1945, Special Judge Lyles sustained the motion."

Before entering into a discussion of the merits, we feel it proper to point out that the Trial Judge in disposing of the motion considered the matters as if before him upon the merits rather than upon a motion to strike. In so doing he was in error. His actions in this regard are analogous to the action of the Trial Judge in *Mason v. Williams,* 194 S. C., 290, 9 S. E. (2d), 537.

The *Mason case* was twice argued before this Court. The final decision reversed the Circuit Court for ordering certain portions of the answer stricken, upon the ground that such allegations were immaterial and redundant.

The following language from the opinion in the *Mason case, supra,* is most apposite to the instant appeal:

"The only question before the Circuit Court was whether the portions of the answers complained of should be stricken as not constituting a defense to the action and therefore immaterial. It would therefore appear that there is merit in the preliminary statement of appellants' argument wherein it is suggested, 'that the Circuit Judge lost sight of the limits of the question before him on the motions, and first decided questions of law and fact which were not at issue on the motions as a preliminary foundation for his final conclusion to strike the defenses'."

In the instant case the Acting Circuit Judge considered the complaint as if amended by the subrogation agreement after which he considered the portions of the answer sought to be stricken in the light of the complaint as so "amended". There was no motion to amend the complaint by alleging the subrogation agreement. It was therefore, error for the Acting Circuit Judge to treat the motion to strike in that manner.

The question before this Court is, did the first defense, that is that the respondents are the real parties in interest, sought to be stricken constitute a defense to the cause of action alleged in the complaint, and not to the cause of action in the complaint as the same was "amended" by the Trial Judge.

An allegation is irrelevant when it has no substantial relation to the controversy. *Alexander v. Dubose,* 73 S. C., 21, 52 S. E., 786; *Virginia-Carolina Corp. v. Tweed Lumber Co. et al.,* 174 S. C., 497, 178 S. E., ·131; *Dickson's Drug Store, Inc., v. Davis,* 197 S. C., 294, 15 S. E. (2d), 332; *Thompson v. Jones Const. Co.,* 199 S. C., 304, 19 S. E. (2d), 226. And the converse of this proposition is, of course, that if the allegation has any substantial relation to the cause of action or defense alleged, it is relevant and should not be stricken.

The respondents here cannot complain of the First Defense, set out in the answer, upon the ground that it is re-

dundant. As was said in *Dickson's Drug Store, Inc., v. Davis, supra:* "Respondent objects to the answer on the ground that it is irrelevant and redundant, and the order of the Circuit Judge so holds. We do not think it is irrelevant and, since it fully informs the plaintiff of the issues which the defendant tenders, plaintiff has no good ground of complaint on the score of redundancy."

Appellant by paragraph four of the First Defense alleges that respondents are not the real parties in interest and, are, therefore, without legal authority to maintain this action.

A motion to strike out a pleaded defense as not constituting a defense and therefore irrelevant and redundant, is in the nature of a demurrer, and for the purpose of the motion, the allegations or matters sought to be stricken are admitted to be true. *Mason v. Williams, supra.*

In considering the defense now under discussion it must be admitted as true that the respondents are *not* the real parties in interest. Does such an allegation bear a substantial relation to the defense set forth in the First Defense of appellant's answer?

Section 397 of the Code of 1942 provides that every action must be prosecuted in the name of the real party in interest. Therefore, under the issues framed by the pleadings here before the Court, insofar as the motion to strike that defense is concerned, the allegations sought to be stricken are relevant and are not redundant and should not have been stricken.

The Special Judge held that the respondents had the right to maintain the action as the trustee of an express trust without joining respondents' insurer. He based that holding upon Section 399, South Carolina Code of Laws, 1942, and the decision of this Court in *Phillips v. Clifton Manufacturing Co.,* 204 S. C., 496, 30 S. E. (2d), 146. In the *Phillips case* the question of the right of the plaintiffs *to maintain the action* was not involved and therefore not raised. The question there involved was whether or not the insurer *was a necessary party* to the action. In the in-

297

stant case the question is whether or not the respondents *are the real parties in interest* and was raised by the motion to strike. *Therefore,* the decision in the *Phillips case* is not applicable to the question raised herein.

The appellant's Second and Third Defenses would only be relevant, if relevant at all, if respondents' insurer were a party plaintiff (the allegations of those defenses being directed solely toward respondents' insurer and not respondents), and since respondents' insurer is not a party plaintiff, it necessarily follows that the allegations of appellant's Second and Third Defenses bear no substantial relation to the issues made by the pleadings, and therefore the Special Judge properly ordered those allegations stricken because they were irrelevant and immaterial.

The Special Judge erred in granting respondent's motion to strike the allegations of the First Defense, and his action in so doing must be reversed.

It is therefore Ordered that the order of Hon. Thomas M. Lyles, Special Judge, wherein he ordered appellant's First Defense stricken out, is hereby reversed, and the case is hereby remanded to the Circuit Court for further proceedings in accordance with the views herein expressed.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concur.