## 17155

ZENO BLACKWELL, Respondent, v. UNITED INSURANCE CO. OF AMERICA, Appellant

(92 S. E. (2d) 702)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellant,*

*Messrs. Whiteside & Smith,* of Spartanburg, *for Respondent,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellant, in reply,*

May 3, 1956.

STUKES, Chief Justice.

This action was commenced on August 8, 1955, by plaintiff-beneficiary upon a life insurance policy which was dated May 23, 1953. The complaint contains two alleged causes of action, with the first of which this appeal is not concerned. In the second cause of action it was alleged that the insured died on February 24, 1955, when the policy, which provided death benefit of one thousand dollars, was in full force and effect, despite proof of which and claim filed, defendant has failed and refused to pay the death benefit to plaintiff; and judgment in said amount was demanded upon the second cause of action.

For answer defendant admitted the material allegations of the complaint but alleged the following quoted provision of the policy:

"No obligation is assumed by the Company prior to the date hereof, nor unless on said date the Insured is alive and in sound health, and the Policy delivered and the first premium paid thereon."

In connection with the foregoing it was further alleged that upon the date of the policy the insured was not in sound health and had been previously treated for heart dis-

ease and other serious conditions, whereby defendant assumed no obligation under the policy.

The following provision of the policy was also alleged in the answer:

"7. Limitation of Insurance. In consideration of there being no medical examination of the physical condition of the Insured, it is hereby understood and agreed that no liability of any kind is assumed by the Company for death or specific losses, resulting directly or indirectly from diseases originating or accidents occurring before the date and delivery of this Policy, except a refund of premium paid."

It was alleged that the death of the insured resulted from heart disease which originated before the date and delivery of the policy and defendant tendered, and continues to tender, the amount of the premiums which had been paid, to wit, ninety-two dollars, liability for which was acknowledged.

Plaintiff moved to strike the answer as sham, irrelevant and frivolous upon the ground of the provisions of Section 37-161 of the Code of 1952, and for judgment upon the second cause of action.

The cited statute follows:

"All companies which issue a policy or certificate of insurance on the life of a person shall, after a period of two years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance or to assert that the assured person had made false representations and such application and representations shall be deemed and taken to be true. * * *"

The motion was granted upon the conclusion that the answer was *sham* and *frivolous,* for which the authority of *Altman v. Standard Mut. Life Ins. Co.,* 204 S. C. 151, 28 S. E. (2d) 636, was cited. In that case the policy contained a general incontestability clause which became effective after

the policy had been in force for a period of two years from its date and during the life-time of the insured, which period had run. In the case at hand the policy is not before us and we do not know its full contents; nor is the application for the insurance in the appeal record.

Sections 10-654 and 10-1505 of the Code provide for the striking out of sham, irrelevant and frivolous answers, defenses and demurrers, and for the granting of judgment thereupon for the plaintiff. The striking of an answer or defense as sham is a drastic remedy and is available only with respect to an answer or defense when the latter is good in form, but false in fact and not pleaded in good faith, being a mere pretense. *Baker v. Allen,* 220 S. C. 141, 66 S. E. (2d) 618; *Scott v. Meek,* 228 S. C. 29, 88 S. E. (2d) 768. The remedy is rarely allowed. *Town of Bennettsville v. Bledsoe,* 226 S. C. 214, 84 S. E. (2d) 554.

In the absence of the contract documents, the verity of the allegations of the answer in this case cannot be determined. Thus it was error to grant the motion to strike the answer as sham and frivolous, and to order judgment thereupon for plaintiff.

There has been no demurrer to the answer and we are, therefore, not called upon in this appeal to decide the question of its legal sufficiency. *Gray v. Gidiere,* 4 Strob. 438; *Germofert Mfg. Co. v. Castles,* 97 S. C. 389, 81 S. E. 665; *Burkhalter v. Townsend,* 139 S. C. 324, 138 S. E. 34; *Morris v. Lain,* 172 S. C. 549, 174 S. E. 590. In this feature the motion under review, *as granted,* differs from a motion to strike for irrelevancy; the latter is in the nature of a demurrer. *Virginia-Carolina Chem. Corp. v. Tweed-Lumber Co.,* 174 S. C. 497, 178 S. E. 131; *Mason v. Williams,* 194 S. C. 290, 9 S. E. (2d) 537; *Lucas v. Garrett,* 208 S. C. 292, 38 S. E. (2d) 18; *Du Bose v. Bultman,* 215 S. C. 468, 56 S. E. (2d) 95.

It is seen from the foregoing that the merits of the controversy, which is apparent upon the face of the pleadings, are not touched by this decision, and no opinion thereabout is intimated.

Reversed and remanded.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.