17241

OLYMPIC RADIO AND TELEVISION, INC., a New York Corporation, Appellant, v. B. L. BAKER, individually and trading as Moncks Corner Variety Store, Respondent.

(95 S. E. (2d) 636)

*M. Martin Davis, Esq.,* of Moncks Corner, *for Appellant,*

*Messrs. Dennis & Dennis,* of Moncks Corner, *for Re-spondent,*

December 18, 1956.

STUKES, Chief Justice.

This is an action for the balance owing by defendant for the purchase of three television sets. The complaint alleges that the plaintiff is the assignee of Olympic of South Carolina, a South Carolina corporation, as to the claim set forth in said complaint and as more specifically set forth in the invoice attached thereto and made a part of the complaint. It is further alleged that on the 8th day of July, 1955, the assignor, Olympic of South Carolina, sold to the defendant three twenty-one inch television sets in consideration for which the defendant was to pay plaintiff's assignor $719.85; that the defendant paid on account the amount of $239.95 and returned one of the television sets for credit, leaving a balance unpaid of $239.95. The complaint then alleges that the defendant failed to pay said balance and therefore prays for judgment in the sum of $239.95.

The foregoing synopsis of the complaint is taken from the statement in the brief of respondent. Plaintiff moved to strike from the answer of the defendant the following alleged defense as sham and irrelevant:

"Second: That during the year 1955 defendant did a considerable amount of business with plaintiff's alleged assignor, making payment for goods, wares and merchandise sold and delivered to defendant by said plaintiff's assignor, by and through the agent of plaintiff's assignor, one Harold Green.

"Third: That the invoice for goods, wares and merchandise delivered to defendant by plaintiff's assignor on or about the 8th day of July, 1955, was, in the aggregate amount of $719.95 and that payment in the amount of $239.95 was made on the 30th day of August, 1955, and that one television set was returned on the 10th day of January, 1956, for credit to defendant's account in the amount of $239.95.

"Fourth: That during the month of October, 1955, the agent and servant of plaintiff's assignor, the said Harold Green, who was personally indebted to defendant in the amount of $200.00, offered payment thereof to defendant and was then and there instructed by defendant to apply the $200.00 cash to the defendant's account with plaintiff's assignor.

"Fifth: That in view of this cash payment constructively delivered to plaintiff's assignor by defendant, defendant did on the 2nd day of November, 1955, enter a credit on defendant's account with plaintiff's assignor in the amount of $200.00, which payment and credit as alleged in paragraph Fourth above left a total balance due plaintiff's assignor by defendant in the amount of $39.95."

The motion was denied by a formal order of the lower court, and this appeal followed.

The law applicable to motions of this nature was reviewed in the very recent case of *Blackwell v. United Ins. Co. of America,* 229 S. C. 296, 92 S. E. (2d) 702, and reference may be had to the authorities there cited. They need not be so soon restated.

The defense here in question cannot be stricken as sham because there is no showing of its falsity and the allegations of it must be taken as true. Should it be stricken as irrelevant?

A defense is irrelevant when it has no substantial relation to the controversy between the parties to the action, and when the issue formed by its denial

can have no connection with, or effect upon, the cause of action. *Burkhalter v. Townsend,* 139 S. C. 324, 138 S. E. 34; *Virginia-Carolina Chemical Corp. v. Tweed-Lumber Co.,* 174 S. C. 497, 178 S. E. 131.

The purported defense under consideration is in the nature of a plea of partial payment. However, there is no allegation that the claimed payment was made to the assignee of the obligation of the defendant or to one expressly or impliedly authorized to receive it in behalf of the assignee.

The invoice of the merchandise, dated July 8, 1955, which was delivered to defendant with the goods and which was a part of the complaint in this action, contained the following at the head of it:

"This account is assigned to and payable to Olympic Radio and Television, Inc. Checks should be mailed to Olympic Radio and Television, Inc., c/o Olympic of South Carolina, Room 7, Darlington Apartment Building, Charleston, S. C."

And in the body of it, the following:

"For value received, the receipt of which is hereby acknowledged, the undersigned hereby sells, assigns and sets over to Olympic Radio & Television, Inc., its successors and assigns, all its right, title and interest in and to this account, and the invoices and goods represented thereby, upon and subject to all the terms of an agreement dated 10-1-53 between the undersigned and said assignee, which agreement, by reference, is hereby made a part thereof.

"Signature J. Greene,
"Date 7-8-55                                      Title Sect."

Thus there is no question of timely notice to defendant of the assignment of the indebtedness, long before his transaction with the agent of the assignor, which is alleged in the defense.

The issue attempted to be made appears to be one between defendant and the seller-assignor or between the defendant and Green, and the latter was not al-

leged to be the agent, express or implied, of the assignee or authorized to receive payment in its behalf. It is therefore irrelevant to the cause of action stated in the complaint.

> "*A plea of payment to another than the creditor should allege that such other was authorized to receive payment.* A plea of payment to another than the creditor must allege that such other was authorized to receive the payment. In an action by the assignee of a debt, if payment to the assignor is pleaded, it must be averred that payment was made before notice of the assignment." 70 C. J. S., Payment, § 85 (8), p. 290.

Denial of the motion to strike the challenged defense as irrelevant was error.

Reversed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.